LAIDLER *vs.* THE STATE, use of HAWKINS.—June, 1828.

In an action on a testamentary bond, after the plaintiff had filed his decla-
ration, the defendant confessed a judgment for the penalty of the bond
and costs, with an agreement that the judgment should be void, on pay-
ment of 3900 pounds of nett crop tobacco, with interest until paid, and
costs—*Held*, that this confession superseded the necessity of assigning
breaches of the condition of the bond, and authorised a judgment for the
plaintiff.

Where the court may be called on to pronounce an opinion on the plain-
tiff's right to recover, the intervention of a jury being necessary to as-
sess the damages sustained, there an assignment of breaches, either in
the declaration, or by way of replication, or entry on the roll, as the case
may be, is necessary; but where every thing is confessed, and nothing is
left for the decision of either court or jury, the assignment of breaches
is an act of supererogation.

APPEAL from *Charles* County Court. Debt upon the same
testamentary bond as that mentioned in the preceding case of
*Laidler's Adm'x. v The State, use of Hawkins, (ante* 277,)
brought against *Catherine C. Laidler,* (now appellant,) one of
the sureties therein. This case, like that referred to, was con-
tinued for several terms under a rule on the defendant to plead
to the declaration; and at August term 1819 the *cestui que use*
filed the same account and proof as stated in the before men-
tioned case. The same agreement as to the pleadings, was also
entered into; and at that term, (August 1819) the defendant
confessed judgment to the plaintiff, which was entered for the
penalty of the bond, (the debt declared for,) and costs; with an
agreement that the judgment should be void on payment of
3900 pounds of nett crop tobacco, with interest from the 20th
of August 1819 until paid, and costs. From which judgment
the defendant appealed.

The cause was argued before BUCHANAN, Ch. J. and EARLE,
MARTIN, ARCHER, and DORSEY, J. by

*Ashton* for the Appellant.

No counsel argued for the Appellee.

DORSEY, J. delivered the opinion of the Court. This case,
although upon the same bond and with the same pleadings, as
the case of *Laidler's Adm'x. v The State, use of Hawkins,*

decided by this court at the present term, *(ante* 277,*)* must receive a different determination. There the judgment was rendered below, upon trial and verdict, without any admissions or consent of the defendant. Here the judgment was rendered by the county court, on the defendant's confession, that the plaintiff had a right to recover; thereby admitting of record the compliance with the prerequisites of the act of 1720, *ch.* 24. And the confession also ascertains the precise sum, on payment of which the penalty recovered was to be released. This confession withdraws the plea of general performance, and admits every thing which the plaintiff desires to establish, or could be required to bring to issue by regular pleadings. Could it then be necessary—is it consistent with any rule of pleading, that the plaintiff should file a replication, the statements in which, are neither an answer to, nor a denial or avoidance of, any of the matters alleged by the defendant? Where the court may be called on to pronounce an opinion on the plaintiff's right to recover, where the intervention of a jury is necessary to assess the damages sustained, there an assignment of breaches, either in the declaration, or by way of replication, or entry on the roll, as the case may be, is indispensably necessary. But where every thing is confessed, where nothing is left for the decision of either court or jury, the assignment of breaches is an act of supererogation. And such is the effect of the decision of this court in the case of *McMechen v The Mayor, &c. of Baltimore,* 2 *Harr. & Johns.* 41, where, in an action upon an auctioneer's bond, the defendant pleaded general performance, but afterwards withdrew his plea and confessed judgment—On an appeal to this court, where one of the errors assigned was the want of a replication assigning breaches, the court affirmed the judgment.

The question as to the insufficiency of the pleadings, subsequent to the declaration, does not arise in this case, as the judgment was not rendered upon them, but upon the defendant's confession.

JUDGMENT AFFIRMED.