Snowden *vs.* Preston.

(Decided 5th December, 1890.)

SAMUEL SNOWDEN *vs.* JOHN F. PRESTON.

*Judgment by Confession—Correction of Date of Entry— Striking out Judgment after the Lapse of the Term.*

An agreement for a confession of judgment, upon which was written an order of the Judge of the Court in these words: "Let judgment be entered in accordance with above agreement," was dated the 9th day of January, 1877, but was not filed until the 22nd day of July, 1878; on which latter day, the clerk entered the judgment in pursuance of the agreement and order of Court. Upon the motion of the defendant filed on the 30th of June 1890, an order was passed directing the entry of judgment made July 22nd, 1878, to be corrected and the judgment entered as of January 9th, 1877. On appeal from this order, it was HELD:

1st. That there was no error in the original entry of the judgment, and the Court ought not to have directed it to be changed from the 22nd of July, 1878, to the 9th of January, 1877.

2nd. That no matter when the agreement and the order of the Judge were signed, the judgment itself could not be entered till they were filed with the clerk, and must be entered as of the date when the papers were filed with him.

Snowden *vs.* Preston.

Courts cannot be too cautious in interfering with judgments, once entered, and especially after the lapse of the term.

In striking out a judgment after the lapse of the term in which it was entered the Court acts in the exercise of its *quasi* equitable powers, and this power will never be exercised except to promote the ends of justice; and it must further appear that the party making the application has acted in good faith, and with ordinary diligence.

APPEAL from the Court of Common Pleas.

The case is stated in the opinion of the Court. This appeal is taken from the order of the Court below directing the entry of the judgment, made 22nd of July, 1878, to be corrected and the judgment entered as of January 9th, 1877.

The cause was argued before ALVEY, C. J., ROBINSON, IRVING, BRYAN, FOWLER, and McSHERRY, J.

*Oscar Wolff,* and *Alfred S. Niles,* for the appellant.

The judgment was properly entered at the time of the filing in Court of the agreement for the judgment, which was on the 22nd day of July, 1878; and as the order of the Court bears no date, it must be presumed that it was passed upon that date. The agreement itself, no matter when dated, was not a judgment, nor any part of the records of the Court until the date of the filing. At which time the judgment was entered, not in open Court, but by the Court's order in writing; and as every presumption must be made in favor of the correctness of the record, it must be presumed that it was entered during the vacation of the Court, as it conforms to the law provided in such cases. Article 26, section 6, of the Code. The Court, therefore, upon the face of the record, erred in changing it.

In striking out judgments after the lapse of the term, the Court acts in the exercise of its *quasi* equitable powers,

and will never vacate a judgment for any other than substantial causes, and to prevent injustice plainly to appear. *Bond, Garnishee vs. Citizens Nat. Bank,* 65 *Md.,* 501; *Dorsey vs. Dorsey, et al.,* 37 *Md.,* 74; 2 *Poe on Pleading, secs.* 392 *and* 828. And the party must have acted in good faith and with ordinary diligence, for if it appear that he has acquiesced or otherwise been guilty of unreasonable and unnecessary delay, the Court will not assist him. *Craig vs. Wroth,* 47 *Md.,* 282, 283; *Montgomery vs. Murphy,* 19 *Md.,* 576; *Kemp & Buckey vs. Cook & Ridgely,* 18 *Md.,* 130; *Smith vs. Black,* 51 *Md.,* 251; *Sarlouis vs. Firemen's Ins. Co.,* 45 *Md.,* 241.

The judgment in this case was entered 22nd July, 1878, nearly twelve years before the motion to quash the attachment or to amend the judgment, was filed. As the judgment had been entered upon his own agreement; as four executions had been issued upon it; as he had paid $350.30 upon it—certainly it was a most unreasonable delay before having the record corrected, in which case, under the authorities cited, the Court could not correct the judgment so as entirely to deprive the plaintiff of any benefit from it.

There has been a long delay, unexcused and unexplained; there has been acquiescence with knowledge of the existence of the judgment and a payment thereon, which was for his benefit and must be presumed to have been entered by his consent. *Wilson, et al., Adm'r vs. Ridgely, et al.,* 46 *Md.,* 245.

The order in this case was not in technical form an order to strike out the judgment, but the effect of the order was to determine the right of the plaintiff to the benefit of the judgment. The date of the entry by the clerk was not corrected, and therefore it was not stricken out, but the words "as of January 9, 1877," were directed to be inserted in the entry. The effect of this was to bring the judgment within the bar of the Statute

of Limitations and thus destroy it as effectually as if it had been stricken out altogether. It accomplished the purpose of striking out the judgment as entered and entering a new judgment as of the date of January 9th, 1877. The order was final as to the right of the plaintiff. He could not issue a *sci. fa.* to revive the judgment, and the only remedy open to him was an appeal, to which in such a case he is entitled. *Waverly Mutual and Perm. Loan and Build. Asso. vs. Buck,* 64 *Md.,* 342; *Dunbar vs. Conway,* 11 *G. & J.,* 98.

Unless this motion is treated as a motion to strike out, the Court had no jurisdiction to change the judgment, as it could not be done under motion to quash. *Schultze vs. State,* 43 *Md.,* 305.

*John F. Preston,* for the appellee.

ROBINSON, J., delivered the opinion of the Court.

The docket entries show that the judgment in this case was entered 22nd July, 1878, and we all agree that the order of the Court directing the entry of the judgment to be changed, and the judgment to be entered as of January 9th, 1877, was an erroneous order, and must be reversed.

The facts as they appear on the face of the records of the Court below are these: On the 9th of December, 1876, suit was brought by the appellant against the appellee; and on the 9th of January, 1877, a judgment by default for want of a plea was entered against the defendant.

On the 22nd of July, 1878, the following agreement for confession of judgment, with the order of the Judge directing the judgment to be entered, was filed with the clerk of the Court:

Snowden *vs.* Preston.

"Samuel Snowden } In the Court of Common Pleas,
*vs.*
John F. Preston } January 9th, 1877.

"Mr. Rasin, Clerk:—Enter a judgment by confession in favor of the plaintiff in this case for the sum of one thousand and sixty-six dollars ($1,066) with interest and costs.

W. W. Busey,
*Atty. for Pltff.*
Jno. F. Preston,
*Defendant.*"

"Which said confession or agreement having been submitted to the Court here for its determination of the premises, passed the following order to wit:

"Let judgment be entered in accordance with the above agreement.

Henry F. Garey."

The docket entries show that the clerk on the 22nd of July, 1878, entered the judgment against the defendant in pursuance of the agreement and order of the Court, and on the same day a writ of attachment was issued on the judgment.

On the 10th of September, 1883, a credit of $350.30 as of 26th of February, 1880, was entered on the judgment by order of the plaintiff's attorney, and on the same day, a writ of *fieri facias* was issued which was afterwards returned "*nulla bona.*"

On the 15th of June, 1890, an attachment was issued, and on the 25th day of the same month, a motion was made by the defendant to quash the writ of attachment, for the reason, among others, that it had not been issued within twelve years as required by the Statute of Limitations.

It will be observed, however, as the judgment then stood upon the records of the Court, twelve years had not elapsed from the day the judgment was entered, because it was according to the docket entry, entered on the 22nd of July, 1878, and the writ of attachment was issued on the 15th June, 1890. So on the 30th of June, 1890, the defendant filed a motion in writing, praying the Court to pass an order directing the clerk to correct the entry of judgment by confession as to its date, and make the record conform to the date of the agreement to confess judgment, and the order of the Court thereon. Upon this motion the Court below passed an order directing the entry of judgment made 22nd of July, 1878, to be corrected, and the judgment entered as of January 9th, 1877.

The judgment, as thus corrected by the order of the Court, instead of being a judgment entered July 22nd, 1878, was a judgment of 9th January, 1877.

These are the facts, and the only facts upon which the order of the Court was passed, and, such being the case, they do not show, it seems to us, any error in the entry of the original judgment, which needed to be, or could be, corrected. If it be conceded that the agreement to confess the judgment, and the order of the Judge directing it to be entered, were both signed on the 9th of January, 1877, (and this is by no means clear,) these papers were not filed with the clerk of the Court till the 22nd of July, 1878, more than eighteen months after they were signed. The agreement and order thereon directing judgment to be entered were not matters of record till they were filed with the clerk, and until they were so filed the clerk had no power to enter judgment. And these papers having been filed on the 22nd of July, 1878, it was the duty of the clerk to enter the judgment as of that date. It matters not when the agreement and the order of the Judge were signed; *the judgment itself*

*could not be entered till they were filed with the clerk.* An agreement to confess judgment may be signed, and not delivered to the clerk, as in this case, till months afterwards, and, under such circumstances, he would have no power to enter the judgment as of the date of the agreement. It must be entered as of the date when the papers are filed with him.

There was no error, then, it seems to us, in the entry of this judgment, and the Court ought not to have directed it to be changed from the 22nd July, 1878, to 9th January, 1877.

It may not be amiss to add, that Courts cannot be too cautious in interfering with judgments once entered, and especially after the lapse of the term. They are not only the highest evidences of debt, but are liens upon the real estate of the debtor. And we have repeatedly said, that in striking out a judgment after the expiration of the term in which it was entered, the Court acts in the exercise of its *quasi equitable powers,* and that this power will never be exercised except to promote the ends of justice. Further than this, it must appear that the party making the application has acted in good faith and with ordinary diligence, for if there has been acquiescence on his part, or if he has been guilty of *laches* or unreasonable delay the Court will not intefere. *Kemp & Buckey vs. Cook & Ridgely,* 18 *Md.,* 130; *Smith vs. Black,* 51 *Md.,* 251.

Here the judgment had stood for nearly twelve years, and upon it execution after execution had been issued, and now the Court is asked to change the date of the entry of the judgment, the effect of which will be to bring the judgment within the operation of the Statute of Limitations, and thereby to deprive the plaintiff of the fruits of his execution. In other words, the Court is asked to change the date of the original entry of the judgment, not that it worked any injury at the time it

was made to the defendant, but in order to enable him to plead limitations. This the Court ought not to have done.

*Order reversed, and*

*cause remanded.*

(Decided 12th December, 1890.)