(Decided 24th March, 1891.)

---

GEORGE A. HUNTINGTON *vs.* SAMUEL E. EMERY.

*Appeal—Striking out a Judgment—Pleading—Rule to Employ new Counsel—Laches.*

On appeal from a refusal to strike out a judgment against a defendant, error claimed to have been made by the Court below in sustaining a demurrer to the defendant's plea of invalid consideration, can be considered.

Where there are good counts in a declaration, and a good issue on them to support the verdict and judgment, the fact that there was no traverse of a plea of payment, and issue only was joined on it, is not sufficient ground for disturbing the judgment although proper pleading requires a traverse of the plea.

Where defendant's counsel, after pleading, leaves the State, the defendant is not entitled as a matter of right to a rule to employ new counsel.

Where a defendant after his counsel had left the State, made a proposition of settlement to the plaintiff's counsel, which the latter told him he would submit to the plaintiff, but was sure it would be rejected, and urged him to employ new counsel, it was laches on the part of the defendant not to do so, and a judgment against him will not be stricken out.

APPEAL from the Baltimore City Court.

The case is stated in the opinion of the Court.

The cause was argued before ALVEY, C. J., MILLER, ROBINSON, IRVING, BRYAN, FOWLER, MCSHERRY, and BRISCOE, J.

*Wm. S. Bryan, Jr.,* and *Thomas G. Hayes,* for the appellant.

*Thomas A. Murray,* for the appellee.

IRVING, J., delivered the opinion of the Court.

The question in this case is whether the Baltimore City Court erred in refusing to strike out a judgment rendered therein on the 23rd of September, 1890. Various reasons were assigned in support of the motion, some of which involved the pleadings in the cause, and therefore it is necessary to state what the pleadings were. The suit was brought under the Act of 1886, chapter 184, known as the "Practice Act" or Rule-day Act for Balti-

Huntington *vs.* Emery.

more City. The declaration, containing the common counts, and a count on two promissory notes, was sworn to as the Act requires. To it four pleas were interposed, and sworn to, viz., 1. Never indebted as alleged; 2. Never promised as alleged; 3. That the consideration was void; and 4th. Payment. Issue was joined on the first, second, and fourth pleas, and a demurrer was filed to the third plea, which the record says was sustained. The case having proceeded through trial to verdict, judgment on verdict was rendered. One month thereafter, but at the same term, the motion to strike out the judgment was made and overruled; and from this action of the Court in refusing to strike out the judgment this appeal was taken. The reasons assigned are eight in number. The first, second and seventh of them claim the consideration to be void, because the same was for gambling. This was set up in the third plea. The third reason avers surprise. The fourth relies on the failure to lay a rule to employ new counsel. The fifth avers payment. The eighth relies on alleged error in sustaining demurrer to his plea of bad consideration; and the eighth avers irregularity because there was no traverse of the plea of payment, but a simple joinder of issue to that plea.

No fraud is alleged or claimed to have been practiced in the procurement of the judgment.

This is not an appeal from the judgment, and no error of the Court which the appellant supposes was made in sustaining the demurrer to his plea of invalid consideration can be considered or decided upon an appeal from a refusal to strike out a judgment, which involves only questions of fraud, surprise, or irregularity. But if we could consider the question of void consideration, in the exercise of *quasi* equitable jurisdiction, the plaintiff and defendant do not agree in the testimony about it, the defendant insisting that the notes were given in settlement

of a partnership. The only evidence in support of the contention is the affidavit of the appellant, and is not admitted by the appellee; and this Court said in *Foran vs. Johnson,* 58 *Md.,* 144, that such proof was insufficient to disturb a judgment solemnly rendered by the Court. If the fact be as alleged, the appellant has his remedy. He can proceed in equity against the judgment. *Gough vs. Pratt, Adm'r,* 9 *Md.,* 526 ; *Emerson vs. Townsend,* 73 *Md.,* 224.

Payment was pleaded, and issue was joined on it, and the jury rendered a verdict for plaintiff notwithstanding; and consequently this reason is no ground for setting aside the judgment on this appeal. But the appellant contends that there was no traverse of this plea, and issue only was joined on it, which is claimed to be such irregularity as requires the judgment to be stricken out. There were good counts, and a good issue on them, to support the verdict and judgment; and although proper pleading required a traverse of the plea of payment, its omission is not sufficient ground for disturbing this judgment.

In *Cumberland and Pennsylvania Railroad Company vs. Slack,* 45 *Md.,* 178, a like question was presented and decided on a direct appeal from a judgment. Several pleas were filed, and one of them required a traverse instead of the issue joined: and the Court decided that, although a formal traverse was required by the rules of pleading to have been filed instead of a simple joinder of issue, the omission to file such traverse was no cause for reversal. If on appeal a new trial ought not to be granted for that irregularity, there is no greater reason for sustaining a motion to strike out the judgment, and grant a new trial. Code, 1888, Art. 75, sec. 9; *Poe on Pleading, sec.* 721. A motion in arrest of judgment would more properly have raised the question. But under section 9, of Article 75 of the Code, the judgment would not be

arrested.　Appellant's counsel, after pleading for his client, left the State; and it is claimed, as there was no rule to employ new counsel, there was fatal irregularity.　He was not entitled to such rule as matter of right.　It was so expressly decided in *Munnikuyson vs. Dorsett,* 2 *H. & G.,* 281, and this rule was re-affirmed in *Balto. & Ohio Railroad Co. vs. Ritchie,* 31 *Md.,* 191. In the first mentioned case, Judge DORSEY says, the imposition of such rule "is not the offspring of any mandate of the law, but of the courtesy of the bar, which is encouraged by the Court."　The judgment had been struck out in that case; and, although no such rule had been laid, the judgment of the Court in striking out the judgment was reversed.　It was laches on the part of the appellant not to have employed new counsel.　He knew his counsel had left the State, as early as May 1st, 1890, and was urged by plaintiffs' counsel to get new counsel. But appellant contends that after his visit to appellee's counsel in response to his letter of May 1st, he had not supposed it necessary to employ another lawyer; for in that interview he had informed appellee's counsel of the character of his defence, viz., the illegal consideration of the notes, and that it was agreed that the case was to be dismissed upon his payment of the costs of the suit, and that consequently the judgment was a surprise to him.　If this was satisfactorily established there would be ground for the relief by this appeal; but it is not.　The counsel for the appellee expressly denies there was any such agreement.　On the contrary, he states, that he told him his proposition would not be entertained; but that on request he did promise to submit it to the plaintiff, assuring him it would not be accepted; and insisted that the appellee should employ new counsel.　The proposition was submitted and was rejected, and on the 20th of June, the counsel of appellee wrote to the appellant, requesting an

interview. This letter the appellant says he never received. Again, on the 25th of July, he wrote the appellant to employ new counsel. This letter appellant says he did not receive until after the judgment was rendered. He found it at his home, from which he had been absent much of his time in Washington. Presumably it reached his house in due course of mail. It went to the proper place, and, if he did not get it, the fault is not that of appellee's counsel. It was his own laches. He knew of the existence of the suit. He knew that his proposition had been rejected by plaintiff's counsel, who had assured him the plaintiff would not accept it. He should have been on the look out for his case, and for letters respecting it; and the plaintiff's counsel by writing on the 20th of June, and 25th of July, did all that he could to put him on his guard, and to secure his attention to his case. He was not warranted, after the assurances of counsel that his proposition could not be accepted, in leaving his case unattended to, and under the circumstances he cannot be held to have established such surprise as will justify a reversal of the judgment of the Court in refusing to strike out the judgment.

*Judgment affirmed.*

(Decided 24th March, 1891.)