# BALTIMORE CITY COURT

Filed July 7, 1897.

## NORFOLK NATIONAL BANK
## VS.
## CITY NATIONAL BANK OF NORFOLK AND DAVIES VELLINES.

*Miller & Bonsal* for Norfolk National Bank.

*J. Austin Fink* for City National Bank.

*H. M. Emmons, Jr.*, for Davies Vellines.

PHELPS, J.—

The attachment case in which the goods seized were sold under Art. 9, Sec. 26, Code, 1892, c. 642, having been finally disposed of by the quashing of the attachment, the fund in controversy, amounting to $261.09, the proceeds of such sale, now remains in the hands of the clerk, *"subject to the order of the Court."*

The defendant, Vellines, claiming title to this fund, applied for an order directing the Court to pay it over to him or his attorney. This application is contested by the Norfolk National Bank, a judgment creditor of the defendant, whose execution has been returned "nulla bona." It is also contested by the City National Bank of Norfolk, the original attaching creditor, which corporation has recently obtained judgment in the short-note case.

As a part of the history of the case, it should be stated that this last-named bank, after the quashing of its attachment, sued out another attachment, and finding no property outside of the fund in Court, applied to this Court for leave to lay its attachment in the hands of the clerk: upon argument and mature consideration, this leave was denied, the fund upon which a lien was thus sought to be obtained being *in custodia legis*.

The pending application has been fully argued by counsel representing the three conflicting interests, who agreed that the case is one of first impression, no precedent having been found, within this State or elsewhere.

The case is that of an admittedly insolvent debtor claiming the equitable title to a fund in Court, as against the conflicting claims of two creditors, one of which is an execution creditor, whose execution has been returned *nulla bona*, and the other one of which is the same creditor by whose effort the fund has been realized and made available, although disappointed in its effort to obtain a legal lien thereon and whose claim has been since reduced to judgment. It was also claimed in argument that in no event could the defendant be deprived of his $100 exemption, under Art. 83, Sec. 8, &c., Code.

To this it has been objected that the exemption law refers only to property, and not to money, except in the case specified in the Act, which does not exist here, and further, that the claim to exemption not having been made at the time and in the manner required, it must be taken to have been waived. State vs. Boulden, 57 Md., 314.

The situation presents a novel and complex problem, the solution of which, in the absence of adjudication, must be found in the warrant of jurisdiction conferred upon the Court by express legislation and in such general principles of justice as may be found applicable.

By the express language of the written law already cited, this fund is absolutely *subject to the order of the Court*, without condition or qualification. This broad warrant does not, of course, vest in the Court an arbitrary discretion, but it does expect from the Court the exercise of a sound judicial discretion, in view of the special circumstances of each case and the equities therefrom arising. For it is quite clear that such a motion as the one now pending, made after judgment, belongs to that class of motions addressed to the quasi-equitable jurisdiction of a Court of law. It is true that no direct authority has been produced applicable to this particular state of facts, but the proposition may be regarded as a plain one upon principle, and by parity of reason with, and analogy to, the numerous instances in which motions made after judgment, and many interlocutory motions even before judgment, are addressed to the equitable

discretion of the Court, are governed by equitable principles and disposed of on equitable terms.

Coulburn vs. Fleming, 78 Md., 210; Andrews vs Banks, 77 Md., 21; Huntington vs. Emory, 74 Md., 69; Snowden vs. Preston, 73 Md., 267; Heaps vs. Hoopes, 68 Md. 383; Ferrall vs. Farnen, 67 Md., 84; Gorsuch vs. Thomas, 57 Md. 339; Craig vs. Wroth, 47 Md. 283; Smith vs. State, 46 Md., 620; Gumbel vs. Pitkin, 124 U. S., 146; Phillips vs. Negley, 117 U. S., 667; 2 Poe, Pl. & Pr., Sec. 392; 3 Bl. Com., 405, 406.

To turn over the whole of this fund to the insolvent debtor, without regard to the claims of creditors whose diligent efforts to secure liens, the one by execution and the other by attachment (referring especially to the second attachment of the City Bank), have been baffled only by the circumstance that the fund is held "subject to the order of the Court;" would manifestly be to pervert the Court into an instrument of injustice. No such inequitable proposition can be entertained for a moment. The utmost that the debtor can with justice demand is the $100 protected by the exemption law.

With respect to the case cited in support of the objection to this allowance, it may be said that the facts of the present case are peculiar, essentially different from those in 57 Md., 314. A party who insists that the proceeding under which his goods are seized is void, and whose contention is sustained by the Court, certainly waives no right by his refusal to participate in or claim under the proceeding, nor can a party who comes into Court claiming the whole fund as his own be said to waive his claim to a part of it. In a later case than the one cited, it is said by the Court:

"No provision is made by the Act where the debtor applies for the benefit of the insolvent laws, and yet in such cases the exemption is made under the direction of the Insolvent Court. Construing the Act of 1861, in connection with the provision in the Constitution, it is clear, we think, the Legislature meant to exempt under all circumstances the property of the debtor of the value of $100 from the claims and demands of his creditors."

Muhr vs. Pinover, 67 Md., 488.

And as to the objection that money is technically not *property*, the equitable view is that conversion cannot be validly effected under an illegal proceeding, and upon the principle that what ought to have been done has been done, this fund must be treated as unconverted property so far as the debtor's rights are concerned.

So much as to the claim of the debtor as against his creditors. And now as to the claims of these creditors as between themselves.

By the failure of its first attachment the City Bank lost its lien and priority, and by the refusal of the Court to allow its second attachment to be laid in the clerk's hands it was prevented from acquiring such lien and priority. That lets in the other bank, with its judgment and fruitless execution, and under ordinary circumstances this bank would be entitled to priority upon the principle laid down in that line of cases, of which the Maryland type is Harris vs. Alcock, 14 G. & J., 226, 251. That principle, broadly stated, is that whenever a debtor's equitable estate in personal property cannot be reached by legal process, a disappointed execution creditor will be afforded relief in equity and will have his priority respected by means of what has been called an "equitable execution." Freedmen's Savings and Trust Co. vs. Earle, 110 U. S., 710.

But now comes in the special and prominent factor which differentiates the present complication from ordinary cases of equitable execution. Although the City Bank failed to maintain the lien of its first attachment, the effort of its diligence was successful so far as to secure the very fund in controversy by placing it where it is now, "subject to the order of the Court."

The effect of this circumstance cannot be allowed to reach so far as to give the City Bank absolute priority, for this would be to place it in precisely the same situation as if its first attachment had not been quashed. But the fact that the existence of the fund is due to the diligence of the City Bank gives to that bank, as between creditors, a certain claim upon the equitable consideration of the Court, at least to the extent of the application in its behalf of the principle that "equality is equity."

An order will be signed directing the clerk, after reserving from the fund in question so much as may be necessary to be applied to costs, to pay $100 thereof to the defendant's attorney and the balance to distribute *pro rata* between the aforementioned judgment creditors.

---

### ORDER OF COURT.

The petition of the defendant in this cause, and the answer of the Norfolk National Bank, and the petition of the said Norfolk National Bank, coming on to be heard, and the matter of the said petitions having been argued by counsel for the parties hereto and the said Norfolk National Bank, it is, this thirtieth day of June, 1897, by the Court ordered that the funds now in the hands of the clerk of this Court, subject to the order of the Court, be paid out as follows:

First: To the payment of the costs, being the sum of forty-four dollars and thirty-seven cents.

Second: To the payment of one hundred dollars exemption to the defendant or his attorney.

Third: The balance shall be paid to the plaintiff herein and the said Norfolk National Bank, or their respective attorneys, pro rata in proportion to the amount of their respective judgments, with interest and costs.