GLADYS T. SCHEIDT, Garnishee, etc.,

*vs.*

MORGAN R. SCHERMERHORN, Trading as C. S. Schermerhorn & Son.

*Appeals: unprejudicial errors.   Judgments: motion to strike out—; after term; what must be proved.*

Mere error in rulings of the trial court is not sufficient to justify a reversal on appeal, and a judgment will not be disturbed, unless it appears that the error was prejudicial.   p. 470

When a motion is made to strike out a judgment, after the term, for fraud, surprise, mistake, etc., it must appear that the party applying acted in good faith, with diligence, and that he had a meritorious defense.                    p. 470

In such cases, the question of whether there was proof of fraud, etc., is a question of fact to be found as such, and when the trial court, after hearing evidence upon the motion, finds adversely to the original defendant, on the question of fact, the finding is not to be lightly disturbed.                    p. 470

Where a man and his wife own a farm by the entireties, and she also owns another in her own name, and they own livestock without any clear line of demarcation as to what is owned by either, and the husband orders grain and feed for the stock, he may be considered as her agent, and she be bound by his act.
                    p. 472

*Decided January 15th, 1919.*

Appeal from the Baltimore City Court.   (BOND, J.)

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE, BURKE, THOMAS, PATTISON, URNER and STOCKBRIDGE, JJ.

*John L. G. Lee* and *J. Albert Baker,* for the appellant.

*George Washington Williams* and *William R. Price,* for the appellee.

STOCKBRIDGE, J., delivered the opinion of the Court.

Four bills of exception appear in the record in this case, though but one of them is at all vital to the decision of the case.

The first and third bills were taken to the rulings of the lower Court upon evidence, which rulings were correct.

The case was heard on a motion to strike out a judgment, made after the term at which the judgment had been entered. The judgment was founded on an attachment by original process, issued upon the ground that Charles B. and Kitty W. Jester had disposed of, or was about to dispose of their property for the purpose of defrauding their creditors. In order that the motion should prevail it was incumbent upon the party making it to show that the judgment had been rendered as the result of fraud, deceit, surprise or mistake, and the burden of establishing this rested with the party making the application.

In both of the exceptions mentioned the plain purpose was to elicit evidence tending to show that the person who had procured the attachment to issue, had a reasonable ground for making the affidavit upon which the process by way of attachmen was founded. It, therefore, went to the *bona fides* of the original plaintiff, and since it involved a question of fraud, opened the door for a wider scope to the examination of the witnesses than would otherwise have been the case.

In the second exception Charles B. Jester, one of the original defendants, was under examination, and had testified to the existence of four mortgages, aggregating in the neighborhood of $5,000,—upon property, the value of which was

testified by him as being $20,000. He was then asked, why he had four mortgages on the property, and "Don't you think it would be better financing to have just one mortgage?" This question was in no way material to the issue involved; at best it invited merely the expression of the witness's opinion upon a question of financing, and should properly have been excluded, but it is impossible to see, from an examination of the record, any injury which resulted to the defendant from the overruling of this objection, and since error alone without injury does not constitute ground for reversal, the judgment as rendered will not be disturbed, unless it shall appear that there was other prejudicial error.

The sole question, therefore, at all important to the determination of this case, grows out of the ruling of the Court and its action in refusing to strike out the judgment. This is raised by the fourth bill of exceptions.

There is no controversy as to the fact that the application so to strike out was not made until the term following that at which the judgment was rendered and "It is well settled that when a motion is made to set aside a judgment after the term at which it was rendered, the proof of fraud, deceit, surprise or mistake must be clear and satisfactory, and it must appear that the party making the application has acted in good faith, and with ordinary diligence," and that he has a meritorious defense. II *Poe's Pleading & Practice* (4th Ed.), sec. 392; *Abell* v. *Simon,* 49 Md. 318; *Smith* v. *Black,* 51 Md. 247; *Geesey* v. *Stouch,* 94 Md. 75; *Girard F. & M. Ins. Co.* v. *Bankard,* 107 Md. 538; *Jones* v. *State,* 118 Md. 69.

This is the rule of law applicable to applications such as the present. The question of whether there was proof of fraud, deceit, surprise or mistake was a question of fact to be found as such, and where the trial Court, after hearing the evidence upon the motion, found adversely to the original defendants on the question of fact, such finding is not to be lightly disturbed.

In the short note cases both of the defendants were returned *non sunt;* there is thus no issue here involved of the erroneous return upon the part of the sheriff. In the case of *Coulbourn* v. *Flemming,* 78 Md. 210, where there had been an erroneous return on the part of the sheriff, and it was established as a fact that the defendant named had no knowledge of the suit, until after the judgment had been rendered, the judgment was ordered to be stricken out. The case is important by reason of the fact that the correctness or incorrectness of the return is not the sole basis for the entry of the judgment; that the vital element is a knowledge of the proceeding upon the part of the defendant, and the case of *Pattison* v. *Hughes,* 80 Md. 559, is to the same general effect.

This leads to the inquiry, whether or not the original defendant had knowledge of the suit, and with regard to this, so far as Charles B. Jester is concerned, there is considerable conflict in the testimony. The suit was instituted on the 3rd day of July, and the attachment was laid returnable to the August Rule Day. Jester himself makes several different and conflicting statements, as to when he first had knowledge of the proceeding; thus on his direct examination he fixes the time during the month in which the suit was brought; at a later stage he places the time in the January following. His actions just following the levy of the attachment, as testified to by Mr. Luber, are entirely in accord with the idea of his knowledge being as of the earlier date, when he paid three visits within a short time to the office of the plaintiff. The date of the knowledge was, therefore, a question of fact to be found by the trial Court, and as such is not reviewable by this Court, and the motion can not prevail so as to absolve him.

With regard to the defendant, Kitty W. Jester, it is specially urged that she had no knowledge of the suit until in January, and that as far as she was concerned the motion was seasonably made. The facts as affecting her are concisely these; there was a farm at or near Timonium in Baltimore County, which stood in the joint names of herself and

husband, constituting them tenants by the entireties; this was sold prior to the institution of the suit for the sum of $10,000; there was also a farm near Tolchester, on which Mrs. Jester conducted a summer boarding house. The personal property and stock on both of these farms appears to have belonged, without any very clear lines of demarcation, to both Mr. and Mrs. Jester. Produce from the Timonium farm was shipped to Tolchester for the use of the boarding house; the materials purchased from the plaintiff, Schermerhorn, were mainly feed for the chickens or other stock, upon one or the other of these two places, and most of the purchases were made upon orders given by Mr. Jester.

The account was carried on the books of the plaintiff in the name simply of Mr. Jester, though the materials were apparently used indiscriminately for the benefit of both him and his wife. It would, therefore, seem that in ordering this feed Mr. Jester was acting for himself, or as the agent for his wife, and used for the joint benefit of his and his wife's stock. He must accordingly be looked upon in the light of an agent for his wife, and she as bound by the act of her agent. But this also was a question of fact, to be considered and passed upon as such, and upon a careful examination of the record there certainly was no such error committed, in the refusal to strike out the judgment, as to indicate any arbitrary or capricious action upon the part of the Court.

The judgment appealed from will accordingly be affirmed.

*Judgment affirmed, with costs.*