TASEA INVESTMENT CORPORATION, to Its Own Use and Use of NATIONAL FIRE INSURANCE COMPANY *v.* DALE et al.

[No. 219, September Term, 1959.]

*Decided May 25, 1960.*

The cause was argued before BRUNE, C. J., and HENDER-SON, HAMMOND, PRESCOTT and HORNEY, JJ.

*Bernard E. Stern,* with whom was *Allan H. Fisher, Jr.,* on the brief, for appellant.

*George H. Eggers,* with whom were *Arthur V. King* and *Joseph E. Byrne* on the brief, for appellee.

HORNEY, J., delivered the opinion of the Court.

The sole question on this appeal is whether the lower court erred when it set aside an enrolled final judgment entered on an inquisition after the entry of a judgment by default.

On February 4, 1959, the Tasea Investment Corporation (the plaintiff-appellant or Tasea), on behalf of itself and the National Fire Insurance Company (the appellant's insurer), sued Mildred H. Dale (the defendant-appellee or Dale) and Earl F. Matthews (the co-defendant who did not appeal) for damages to a plate glass window in a building on Arlington Road in Bethesda, which had been smashed on January 27, 1957, as a result of a rear-end collision between the automobiles owned by the defendant-appellee and the co-defendant.

Both defendants were duly summoned. The co-defendant Matthews promptly filed a general issue plea, but the defendant-appellee Dale failed to plead. On July 2, 1959, the plaintiff-appellant, having filed a military affidavit, moved for a judgment by default against Dale. The default judgment was entered on July 8, 1959, however, due to an unexplained delay in taking the inquisition, final judgment was not extended until September 25, 1959. It was for $1,218.35, with interest from the date of extension. The motion to vacate the final judgment was not filed until November 12, 1959, seventeen days after it had become enrolled and more than four months after the entry of the judgment by default. At a hearing on December 29, 1959, at which no testimony was taken, the trial court, without stating any reason for its action, granted the motion to set aside the judgment as well as leave to the defendant-appellee to plead to the merits. This appeal by the plaintiff-appellant is from that order.

In the motion to strike, the defendant-appellee, among other things, alleged that the judgment was obtained by surprise and mistake, but neglected to state the facts on which the asserted grounds for relief were based. Two affidavits were attached to the motion. In one of them, the defendant-appellee stated that she had a substantial and meritorious de-

fense in that the accident was not her fault; that she had duly forwarded the "suit papers" to her insurer (the Government Employees Insurance Company) by registered mail and had received a return receipt as requested; that she had heard nothing further about the case, other than the opinion of her insurer that she was not at fault, and believed her interests were being protected; that she received no notice of the action "in reference to the default judgment"; and that the first notice she had that final judgment had been entered against her was on November 2, 1959, when her automobile was attached. In the other affidavit, the claims supervisor of the defendant-appellee's insurer, stated that the suit papers had been received; that because they had not been properly processed, they had been misplaced or lost and had not been found; and that the cause of their disappearance had not been determined. Both affidavits contained other statements not germane to the issue here, but in neither were there any allegations of facts tending to show either surprise or mistake as claimed. It was admitted that the judgment was not "fraudulently or irregularly obtained."

Maryland Rule 625 specifically provides that after the expiration of the thirty-day period—within which the discretionary power to revise and control a judgment must be exercised—the trial court shall set aside the enrolled judgment "only in case of fraud, mistake or irregularity." Recently in *Williams v. Snyder,* 221 Md. 262, 155 A. 2d 904 (1959), this Court had occasion to pass upon the revisory powers of a trial court over a final judgment under Rule 625, *supra.* There [in *Williams*], with respect to a judgment of *non pros,* we said at p. 267:

> "There is no doubt that when a motion to strike out a judgment is made during the period prescribed by the rule that the granting or refusal of the motion is within the sound discretion of the court. * * * But, after the lapse of the thirty-day period, the power of the court to revise and control such judgment is no longer discretionary. Moreover, when the judgment became enrolled the defendant acquired a substantial right in the judgment of *non*

*pros* of which he cannot be validly deprived except upon a showing of fraud, mistake or irregularity."

What we said there [in *Williams*] with respect to the judgment of *non pros* against a plaintiff for failure to prosecute the action is controlling here [in *Dale*] with respect to the final judgment against the defendant for failure to defend the action if the circumstances are such as to warrant a similar holding.

The defendant-appellee, with apparent indifference to the full import of Rule 625, *supra,* contends that the motion to set aside the judgment was properly granted since it was shown that she had a meritorious and substantial defense and had acted with ordinary diligence and without unnecessary delay. Assuming them to be true, these reasons standing alone were clearly not enough to justify the action taken by the lower court. Furthermore—and of equal, if not greater importance in a case such as this—the court, as well as the defendant-appellee apparently overlooked the absence of that "clear and convincing proof" of the existence of the asserted "surprise and mistake," which was requisite to entitle the movant to the relief she sought. *Williams v. Snyder, supra.*

The power to set aside a judgment upon motion has been variously described as a power "incident to all courts of record," as a power based on "equitable grounds" and as the exercise of a *"quasi* equitable power." See, for example, *Kemp v. Cook,* 18 Md. 130 (1861); *Dorsey v. Gary,* 37 Md. 64 (1872); and *Waters v. Engle,* 53 Md. 179 (1880). In the cases, the grounds upon which final judgments have been set aside after enrollment are stated to be fraud, deceit, mistake, surprise and irregularity. In the present rule, as consolidated and simplified, the only grounds specified are fraud, mistake and irregularity; deceit and surprise having been eliminated.[1]

---

1. The deletions may be explained by the fact that *fraud,* which is an act of deliberate deception designed to secure something by taking unfair advantage of someone, includes *deceit,* though the latter may not reach the gravity of fraud. And *surprise,* which means a taking unawares, has an affinity with *irregularity* in that the latter implies a departing from an established rule, method or usage, which might cause surprise.

But in all such cases, the court, in addition to requiring the party who moves to set aside an enrolled judgment to show by satisfactory proof that he is acting in good faith, with ordinary diligence, and that he has a meritorious defense or cause of action, as the case may be, should also require a showing of such facts and circumstances as will certainly establish the fraud, mistake or irregularity allegedly resorted to in obtaining the judgment sought to be vacated. *Newark Trust Co. v. Trimble,* 215 Md. 502, 138 A. 2d 919 (1958); *Adelburg v. Stryjewski,* 200 Md. 346, 89 A. 2d 592 (1952); *Harvey v. Slacum,* 181 Md. 206, 29 A. 2d 276 (1942); *Murray v. Hurst,* 163 Md. 481, 163 Atl. 183 (1932); *Scheidt v. Schermerhorn,* 133 Md. 468, 105 Atl. 581 (1919); *Jones v. State use of Jones,* 118 Md. 67, 83 Atl. 1100 (1912); *Smith v. Black,* 51 Md. 247 (1879).

In the instant case, it may be that the defendant-appellee acted in good faith and with ordinary diligence, and may have had a meritorious defense, but, to reiterate, other than a mere allegation to that effect in the motion to strike, there was absolutely no showing that the vacated judgment had been obtained either by an irregularity or by a mistake. The defendant-appellee, having admitted that she had been duly summoned, none of the reasons assigned in her affidavit was sufficient to constitute such an irregularity as is contemplated by the rule. She did claim, because she had heard nothing further from her insurer, that she believed her interests were being protected. It was her duty, nevertheless, to keep herself informed as to what was occurring in the case. *Baltimore Luggage Co. v. Ligon, III,* 208 Md. 406, 118 A. 2d 665 (1955). She also complained that she had not been notified of the action regarding the entry of the default judgment. Notice to her of subsequent proceedings, however, was definitely not required. Rule 306 b; *Pumphrey v. Grapes,* 215 Md. 573, 138 A. 2d 916 (1958). With respect to the judgment having been obtained by mistake, the only proof afforded by the affidavits, is to the effect that the insurer of the defendant-appellee—the real party in interest—caused the only "mistake" that was made in this case. Since the judgment against the defendant-appellee was the result of negligence on the part

of her insurer, it is certain that such neglect could not and did not justify exercise by the lower court of its *quasi*-equitable power to set aside the judgment. See *Huntington v. Emery,* 74 Md. 67, 21 Atl. 495 (1891).

The order appealed from will be reversed and the stricken judgment will be reinstated.

> *Order reversed and judgment for $1,218.35, with interest and costs, in favor of appellant against appellee is hereby reinstated; the appellee to pay the costs.*