## MASON, Etc. *v.* CENTRAL OIL BURNER COMPANY, INC.

[134, September Term, 1961.]

*Decided January 23, 1962.*

The cause was argued before Brune, C. J., and Henderson, Hammond, Prescott and Marbury, JJ.

*J. Ambrose Kiley,* with whom was *Paul Lee Sweeny* on the brief, for appellant.

Submitted on the brief by *Leonard R. Snyder* and *Jeb Howard* for appellee.

Marbury, J., delivered the opinion of the Court.

The appeal in this case involves two suits by the appellee, Central Oil Burner Company, Inc., upon a single obligation arising out of a contract dated October 3, 1955, written upon a printed form of appellee in which some of the blank spaces were typed. The contract as written was between Central Oil Burner Company, Inc., seller, and Leroy W. Mason Company, purchaser, but was signed only by Leroy W. Mason. It was for the sale and purchase of certain oil burner equipment for the total sum of $2270.00 upon which payment in the sum of $540.00 was credited, leaving a balance of $1730.00.

Default having occurred under the terms of the contract, suit was filed in the Circuit Court for Montgomery County, on October 31, 1956, under Maryland Rule 610, Summary Judgment, against Leroy W. Mason t/a Leroy W. Mason Company, in Law No. 5941, the instant case, to recover $1730.00, with interest from February 29, 1956, and costs, including 15% attorney's fees. The contract was attached to the declaration. The papers in this suit were served upon Leroy W. Mason on November 3, 1956, by the sheriff. Be-

fore any further proceedings were had in Law No. 5941 the appellee, on December 11, 1956, filed a second suit in the same court against Leroy W. Mason Company, a corporation, declaring upon the same contract dated October 3, 1955, to recover the same amounts, and attached to the declaration an invoice or ticket showing the balance due to be $1730. This second suit was supported by an affidavit for attachment before judgment and motion and notice under the summary judgment rule, and was docketed as Law No. 6058. The papers in this case were served upon Leroy W. Mason Company, w/s/o (evidently meaning with service on) Leroy W. Mason, President, on January 4, 1957.

Appellee's attorney by letter dated January 3, 1957, to the clerk of the circuit court under the caption Central Oil Burner Company v. Leroy W. Mason t/a Leroy W. Mason Company, requested the court to enter summary judgment for the sum of $2088.90, which was adjusted in handwriting to $2108.87. This letter was filed March 6, 1957, and resulted in the entry of summary judgment in favor of the plaintiff, appellee here, against Leroy W. Mason, for $2108.87, with interest and costs, by an order signed by Judge Reeves, since deceased, in Law No. 5941. In a second letter dated February 13, 1957, from appellee's attorney to the clerk of the court under the caption Central Oil Burner Company, Inc. v. Leroy W. Mason Company, request was made for entry of a summary judgment in the amount of $2003.92. This letter was filed in case No. 6058 on March 6, 1957, and resulted in an order also signed by Judge Reeves entering summary judgment in that case for the plaintiff against Leroy W. Mason Company, in the sum of $2003.92, with interest and costs. The difference in the amount of the judgment in cases No. 5941 and 6058 appears to be due to an error in calculation of interest. The principal in each case, upon which interest was calculated, being $1730.

Subsequent to the entry of the two judgments the corporation Leroy W. Mason Company, Inc. was adjudicated a bankrupt. The appellee filed its claim based upon the judgment in Law No. 6058 against the corporation in the bankruptcy proceedings and ultimately received by way of a dividend a pro rata share of the assets of the corporation.

The record before us discloses no further activity on the part of the appellee to collect any indebtedness due it until October 4, 1960, when the appellant was served with process in a suit in Virginia based upon the judgment obtained against him individually in Law No. 5941. This was followed on November 2, 1960, by a petition by the appellant to vacate the judgment in Law No. 5941, asserting as grounds therefor the two judgments obtained upon the identical obligation against the appellant individually and the corporation, his denial of having been served with process in Law No. 5941, and that the appellee's claim had been satisfied through the allowance of its claim upon the judgment against the corporation in the bankruptcy proceedings.

The trial court, Pugh, J., by opinion and order dated March 28, 1961, denied the petition to vacate the judgment, holding that such relief was precluded by Maryland Rule 625, Revisory Power of Court over Final Judgment, because of the delay of more than four years in seeking to vacate the judgment, and that the petition had not set forth a meritorious and substantial defense.

The appellant thereupon filed a petition to reconsider the order denying the petition to vacate the judgment and supported this petition with an affidavit alleging by way of supplementation that (1) at all times involved herein he was president of the corporation known as Leroy W. Mason, Company, Inc., and that the claim sued on herein was solely an obligation of said corporation and was not an obligation of the affiant individually, nor did affiant ever make himself personally liable for the payment of said obligation, all of which was well known and understood by the officers and agents of the plaintiff (appellee herein), (2) that at no time was he aware that any process served on him was in connection with any claim being asserted against him individually, and (3) that from the caption on said process and papers served on him, and based on the fact that all dealings had been between the plaintiff and the corporation, Leroy W. Mason, Company, Inc., he was misled and deceived into believing that all process served on him pertaining to Leroy W. Mason Company, Inc., was served on him in his capacity as president

of the corporation. Judge Pugh denied the petition to reconsider and this appeal followed.

Upon the facts disclosed by the record we think the actions of the learned trial judge were clearly erroneous in not vacating the judgment and permitting testimony on the merits to determine the ultimate issue of whether the obligation was incurred by Leroy W. Mason individually, or by the corporation, Leroy W. Mason Company, Inc.

We think the appellant made out a proper case for relief under Maryland Rule 625, which states that after the expiration of thirty days from the entry of a judgment "the court shall have revisory power and control over such judgment, only in case of fraud, mistake or irregularity."

Obviously the appellee was entitled to have but one satisfaction of a judgment upon a single obligation. It may be that the appellee itself was uncertain as to the identity of the debtor when it filed the successive suits upon the contract within the period of approximately a month. However, submitting the two cases for summary judgment in the letters from appellee's counsel dated January 3 and February 13, 1957, for different amounts tended to mislead the judge who, on March 6, 1957, in each case, ordered the entry of the summary judgment. This amounted to a fraud upon the court. Regardless of whether the action of appellee's counsel was intentional or by inadvertence; the result is the same, and clearly brings the case within the fraud exception of Rule 625. Moreover, we think that the petitions and affidavit submitted by the appellant set forth a substantial basis for setting aside the judgment, that he acted with ordinary diligence under the facts alleged, and that he may have a meritorious defense. *Tasea Investment Corp. v. Dale,* 222 Md. 474, 160 A. 2d 920, and cases cited therein. See also *Williams v. Snyder,* 221 Md. 262, 155 A. 2d 904.

The order will therefore be reversed and the case remanded for the passage of an order vacating the judgment, and for further proceedings.

> *Order reversed, with costs of this appeal to the appellant, and case remanded.*