DANIELS *v.* STATE OF MARYLAND TO THE USE OF AND FOR THE BENEFIT OF DEOUDES, ET AL.

[No. 345, September Term, 1965.]

*Decided June 24, 1966.*

The cause was argued before PRESCOTT, C. J., and HORNEY, MARBURY, OPPENHEIMER and McWILLIAMS, JJ.

*John M. McInerney,* with whom were *McInerney, Latham & Layne* on the brief, for appellant.

*J. Joseph Barse,* with whom were *Welch, Daily & Welch* on the brief, for appellees.

HORNEY, J., delivered the opinion of the Court.

This appeal presents unusual procedural questions concerning the entry of a "final" judgment on a directed verdict pursuant to Maryland Rule 567 e despite the pendency of a motion for a new trial filed in pursuance of Rule 567 a and the filing of a "motion to correct record" more than thirty days after the inadvertently entered judgment had become enrolled under the provisions of Rule 625 concerning the revisory power of a court over a judgment.

246

As a result of the collision between an automobile owned and operated, respectively, by Norman Eugene Pessin and Claudia Pessin (the Pessins) and a truck owned by the Washington Suburban Sanitary Commission (W.S.S.C.) and operated by Willie Lee Daniels (Daniels), Helen Deoudes (a passenger in the automobile) was killed and actions for wrongful death were brought on behalf of Emmanuel G. Deoudes, Stephanie Eleni Deoudes and Renee Maria Deoudes (the Deoudes), surviving husband and children, respectively, of the decedent.

The Deoudes, as equitable plaintiffs, brought two actions. One (Law No. 11290/16675 herein referred to as the W.S.S.C. case) was against the W.S.S.C. and the Pessins. The other (Law No. 11637/17269 herein referred to as the Daniels case) was against Daniels and he interpleaded the Pessins as third party defendants. The declarations in both cases charged the respective defendants named therein with having operated the respective motor vehicles in a negligent manner and in violation of traffic laws. Subsequently, the Pessins, having settled with the Deoudes, were released but remained in the cases for the purpose of determining responsibility among the possible joint tortfeasors. At the close of all the testimony at the first and second trials, the motions of Norman Eugene Pessin for a directed verdict were granted.

Although the Daniels case was subsequently consolidated with the W.S.S.C. case, the transcript indicates that the clerk continued to make docket entries in both cases according to the titling and/or case number or numbers without reference to the content or text of the particular motion or other pleading presented for filing. But with regard to the docket notations concerning the hearings of motions and the entry of orders, verdicts and judgments, it appears that while some were made in both cases or the particular case to which the notation applied, some (though applicable to both cases) were made in only one of the cases.

The first trial of the consolidated cases (on October 21, 1963), before a jury at which Judge Shure presided, resulted in verdicts totaling $18,000 in favor of the Deoudes against both W.S.S.C. and Daniels (as well as Claudia Pessin, the remaining nominal defendant) which (other than a dubious cross

reference thereto) were entered in the W.S.S.C. case only. On the timely motion by the Deoudes for a new trial and the motions by the W.S.S.C. and Daniels for an arrest of judgment and for a judgment *n.o.v.* (all of which motions were filed in both cases), the trial judge, having concluded that the jury had disregarded the instructions of the court, granted the motion for a new trial apparently on the ground that the verdict was inadequate.

At the second trial of the consolidated cases (on April 28, 1964), before a jury at which Judge Moorman presided, the court granted the motion of W.S.S.C. and Daniels for a directed verdict at the close of the evidence offered by the Deoudes. The Deoudes promptly made a motion for a new trial as to both Daniels and W.S.S.C., but because it carried the titling and number of the W.S.S.C. case only, the motion was filed (on May 1, 1964) only in the latter case. As a consequence (on May 4, 1964) a judgment for costs on the directed verdict was entered by the clerk in favor of Daniels against the Deoudes before the motion for a new trial was heard.

The motion of the Deoudes for a new (third) trial was based primarily on the ground that the court erred in ruling that the negligence of Daniels and W.S.S.C. "did not constitute either a proximate or contributing cause of the accident." A copy thereof, together with a memorandum in support of the motion, was duly served on counsel for Daniels and W.S.S.C. A hearing on the motion was held on May 14, 1964, but the order granting the new trial was not filed until September 8, 1964. Apparently the trial judge was not aware that the judgment for costs in favor of Daniels had by that time become enrolled according to the record under Rule 625 for the order (although referring to the defendants in the singular as well as the plural) as written applied to Daniels as well as W.S.S.C. The order, however, as was the motion (and for the same reasons) was filed in the W.S.S.C. case only.

When the Deoudes discovered that a judgment for costs had been entered against them in the Daniels case, they promptly filed (on March 2, 1965) a "motion to correct record" alleging that the clerk of court had made a mistake in not entering the motion for a new (third) trial in both of the consolidated

cases. A hearing on the motion to correct the record was held on May 7, 1965. A memorandum opinion and order granting the motion was filed on May 28, 1965. The trial judge, having concluded that the failure to file the motion for a third trial in the Daniels case was a "technical error and a mistake" ordered that the judgment for costs "be revised so that the docket entries will reflect the filing of a motion for a new trial on May 1, 1964, and the granting of such motion on September 8, 1964." In this instance, the docket entries show that the opinion and order was filed in both cases. This appeal followed.

The simple question presented by this appeal is whether the filing of the motion for a new trial in only one of these consolidated actions had the effect of precluding the entry of a judgment for costs in the other action. We think it did under the circumstances.

With regard to the consolidation of actions, Rule 503 provides that a court, either on the application of a party or on its own motion, has the authority to consolidate actions pending before it, to require a joint trial of the issues presented by the pleadings and to make such orders concerning the cases as will avoid unnecessary costs and delay. See *Basiliko v. Welsh,* 223 Md. 19, 23, 161 A. 2d 821, 823 (1960). And where, as here, actions are consolidated by agreement of the parties, we see no reason (unless the cases are thereafter deconsolidated by the court or, with its approval, by agreement of the parties) why there should be a duplication with respect to the filing of motions and other pleadings and the docket entries incident thereto. Had this been done in these cases (as it was with regard to some of the docket notations) the costs and delay (not to mention the confusion) caused by the failure to write both case numbers on the motion for a new trial would have been avoided.

As we read the motion for a new trial, there is little doubt—indeed it seems to be uncontested—that the motion (which bore only the titling and number of the W.S.S.C. case) was intended to apply to the Daniels case as well. For this reason, if no other, it is clear that the inadvertent entry thereafter of the judgment for costs in favor of Daniels on the directed verdict had no effect, or, at least, was suspended pending a favorable ruling

by the trial court on the motion for a new trial. And since the granting of a "motion to correct record" had the effect of so revising the docket entries as to reflect the fact that the motion for a new trial was filed in the Daniels case as well as the W.S.S.C. case, it follows that the entry of the judgment for costs in favor of Daniels had no legal effect and we so hold.

Moreover, even if the motion to correct the record (on the ground that entry of judgment was a mistake) was in effect a motion to "revise" a judgment which on its face had become enrolled, it is apparent, since the judgment should never have been entered under the existing circumstances, that Rule 625, providing that "[a]fter the expiration of [thirty days] the court shall have revisory power and control over [an enrolled] judgment, only in case of fraud, mistake or irregularity," was not applicable to the situation brought about by the misapplication of Rule 567 e. Under these circumstances it is likewise apparent that the decisions of this Court (with regard to setting aside enrolled judgments) in such cases as *Williams v. Snyder,* 221 Md. 262, 155 A. 2d 904 (1959) and *Tasea Investment Corp. v. Dale,* 222 Md. 474, 160 A. 2d 920 (1960), the holdings in which are hereby affirmed, have no application to the facts of this case.

> *Order granting motion for a third trial affirmed; appellant to pay the costs.*