CHARLES F. SMITH vs. GEORGE W. Z. BLACK.

*Practice—What is not Ground for Setting Aside a Judgment after the Term in which it was rendered—Payment of Money into Court to be applied to any future Judgment that may be recovered in a New Trial—Appearance of an Attorney and Entry of his Name on the Docket.*

A party seeking after the term has elapsed to have a judgment set aside for fraud, surprise or irregularity in obtaining it, must establish his right to such relief by clear and convincing proof, and he must appear to have acted in good faith and with ordinary diligence.

Where a defendant fails to establish any equitable ground for having a judgment set aside, payment into Court of the amount of the judgment with interest and costs, to be applied to the payment of any future judgment the plaintiff may recover in the cause, can have no weight in turning the scale in defendant's favor.

Where an attorney was requested by a defendant in a suit, to assist in the trial of the case, there being already an attorney of record, and he agreed, and at the call of the trial docket had his appearance entered with the other attorney for the defendant. HELD:

That the request to assist in the trial and his agreement to do so, established the relation of client and attorney between them, and authorized the latter to appear as attorney in the case, and have his name so entered on the docket.

APPEAL from the Circuit Court for Frederick County.

On the 23rd October, 1872, in due course of law at the September Term, 1872, of the Court below, the appellant obtained judgment in an action of *assumpsit* against the appellee.

The December Term, 1872, ended, and the February Term, 1873, began on the 17th February, 1873, on which day the defendant, by his attorney, moved in open Court to strike out the judgment so as aforesaid rendered against him, which motion was entered on the trial docket. The

cause was transferred to the *stet* docket; and on the 7th October, 1875, the plaintiff, by his attorney, moved the Court to reinstate the case on the trial docket, which motion was resisted by the defendant. The motion was set down for hearing on the 8th October, 1875, but it remained on the *stet* docket till the 11th of May, 1878, when the defendant's attorneys filed their order to the Clerk of the Court, to reinstate the case upon the trial docket, which was accordingly done. On the 17th May, 1878, the defendant, by his attorney, John Ritchie, Esq., filed his motion and reasons for striking out the judgment, and also the affidavits of himself and of his former attorneys, John C. Motter and William P. Maulsby, Jr., Esqrs.

The substance of the affidavits and the reasons of the motion are stated in the opinion of the Court. In his motion the defendant offered to deposit with the Clerk of the Court, an amount of money equal to the amount of the judgment, with interest and costs to be paid to the plaintiff, if he obtained judgment after trial of the case upon its merits. The motion was heard on the 17th May, 1878, and on the 3rd July, 1878, the Court, (LYNCH, J.) ordered the judgment to be stricken out, and granted a new trial on condition that the defendant deposited with the Clerk of the Court, on or before 28th August, 1878, the sum of $892.50, with interest and costs, to be applied to the payment of any future judgment the plaintiff might recover in the cause. On 31st July, 1878, the defendant having on the 29th of the same month, paid into Court the sum of $1250, an order was passed making the conditional order absolute, striking out the judgment and granting a new trial. From these orders of the 3rd and 31st July, 1878, the defendant appealed. The cause is further stated in the opinion of the Court.

The cause was argued before BARTOL, C. J., BOWIE, BRENT, MILLER and ALVEY, J.

Smith *vs.* Black.

*Milton G. Urner* and *William A. Fisher*, for the appellant.

The appellant maintains that a judgment will not be stricken out, after the lapse of the term in which it was rendered, except for "fraud, deceit, surprise or irregularity." The judgment in this case was not obtained by "fraud, deceit, surprise or irregularity." The case was regularly tried and the judgment was solemnly rendered. The defendant was represented by counsel at the trial, and if he had a defence and failed to inform his counsel of the same, it was his own fault, and affords no ground for striking out the judgment. It was his duty to be present in Court at the trial of the case. The plaintiff was entitled to a trial of his case at the time it was tried, and the absence of the defendant, or one of his counsel, was no legal ground for a continuance. The motion to strike out was not made until long after the expiration of the term at which the judgment was rendered, and was then permitted to lie dormant for more than five years.

There is nothing in the record imputing fraud, deceit or irregularity on the part of the plaintiff, and the only ground upon which the motion to strike out can be based, is a misunderstanding between the defendant and his counsel, and which is clearly chargeable to the negligence of the defendant himself. That the Courts will not interfere with judgments after the lapse of the term, except for fraud or irregularity, is established by a "series of uniform decisions" in this State.

The appellant cited *Munnikhuysen, Adm'r vs. Dorsett's Adm'x*, 2 *H. & G.*, 374; *Sherwood vs. Mohler*, 14 *Md.*, 564; *Green vs. Hamilton*, 16 *Md.*, 317; *Kemp vs. Cook*, 18 *Md.*, 130; *Dorsey vs. Kyle*, 30 *Md.*, 512; *Taylor vs. Sindall*, 34 *Md.*, 38; *Hall vs. Holmes*, 30 *Md.*, 558; *Anders vs. Devries*, 26 *Md.*, 222; *Sarlouis vs. Firemen's Ins. Co.*, 45 *Md.*, 245; *Craig vs. Wroth*, 47 *Md.*, 281.

*John Ritchie*, for the appellee.

Where a motion to strike out a judgment is made after the term has passed, relief will be granted where the party shows that he has acted in good faith, and with ordinary diligence, and has not knowingly acquiesced in the judgment complained of, or been guilty of *laches* and unreasonable delay in seeking his remedy. *Craig vs. Wroth,* 47 *Md.,* 281; *Tiernan vs. Hammond,* 41 *Md.,* 548; *Graff & Gambrill vs. Merchants and Miners' Transportation Company,* 18 *Md.,* 364; *Montgomery vs. Murphy,* 19 *Md.,* 576.

Whether there has been any *laches* or not depends on the circumstances of the particular case. *Hanson vs. Worthington,* 12 *Md.,* 441.

A motion for a new trial suspends the judgment, and the successful party is himself chargeable with *laches* if he does not seek to have it disposed of. *Truett & Gill vs. Legg,* 32 *Md.,* 148.

In deciding upon an application to strike out a judgment after the term is past, the Court acts in the exercise of its *quasi* equitable jurisdiction, and will, therefore, properly consider all the facts and circumstances of the case. *Kemp & Buckey vs. Cook & Ridgely,* 18 *Md.,* 130; *Tiernan vs. Hammond,* 41 *Md.,* 548; *Montgomery vs. Murphy,* 19 *Md.,* 576; *Hall, et al. vs. Jones' Adm'r,* 30 *Md.,* 559; *Taylor and Wife vs. Sindall,* 34 *Md.,* 38; *Post and Barrett vs. Bowen,* 35 *Md.,* 232.

It is proper for the defendant to testify in regard to the absence of his attorney, or the delay in making the motion to strike out the judgment. The Court will grant a new trial, where an attorney has appeared without authority, and even where sometimes he has been negligent though the other side has proceeded regularly. *Hill vs. Mendenhall,* 21 *Wall.,* 453; *Blodget vs. Conklin,* 9 *How.* (*N. Y.,*) *Pr.,* 442; *Townly vs. Jones,* 28 *Eng. C. Law,* 287; *Neave vs. Milnes,* 29 *Eng. Law & Eq.,* 306; *Frey vs. Calhoun Co.,* 14 *Ill.,* 132; *Cutler vs. Rice,* 14 *Pick.,* 495; *Hilliard on*

*New Trials,* 420, 421, 422; 2 *Wharton on Evid.,* secs. 1183, 1187; *Wharton on Agency,* 565, 566, 582; *Dorsey vs. Kyle, et al.,* 30 *Md.,* 512.

MILLER, J., delived the opinion of the Court.

This appeal is from an order striking out a judgment after the lapse of the term at which it was rendered. The power of Courts of law to set aside judgments after the term has elapsed, for fraud, surprise, or irregularity in obtaining them is well settled, and the principles which must govern action in such cases have been announced in repeated decisions of this Court. The party seeking such relief must establish his right to it by clear and convincing proof, and he must appear to have acted in good faith and with ordinary diligence. *Sarlouis vs. Firemen's Ins. Co.,* 45 *Md.,* 245; *Craig vs. Wroth,* 47 *Md.,* 283. In the present case we were greatly impressed with the able and eloquent argument of the appellee's counsel in support of the order appealed from, but after a calm consideration and careful examination of the testimony in the record, we are convinced the judgment ought not to be disturbed. It was regularly entered, and there is no pretence that any fraud was practiced by the plaintiff or his counsel to obtain it. The sole ground on which relief is asked is that the rendition of the judgment was a surprise to the defendant, who had a good defence to the action. In disposing of this question, we shall consider briefly the facts disclosed by the record, and the affidavits filed in support of the defendant's motion.

The suit was instituted on the 6th of December, 1871, by the plaintiff as payee against the defendant as maker of three promissory notes for $250 each. The defendant was duly summoned to the December Term of that year, and appeared by John C. Motter, Esq., his attorney. The declaration was filed on the 1st of January, 1872, and on the 30th of the same month, Mr. Motter filed the usual

short pleas of *non assumpsit* in the form prescribed by the Code. Now it appears by the defendant's affidavit that his defence was that these notes were without consideration, and it is apparent from the facts which he states in reference to the obtaining of the notes, that he knew of this defence when he was summoned, and we infer from what is said in the affidavit of Mr. Motter, that he also knew what the defence was at the time the pleas were filed. The case was then continued from term to term until the September Term, 1872, when it stood regularly upon the trial docket. Some weeks before the commencement of this term the defendant requested William P. Maulsby, Jr., Esq., to assist in the trial of a case which he then had pending in Court, and Mr. Maulsby replied that he would. This was all that passed between them, and Mr. Maulsby never at any time prior to the judgment had any further conversation with, or received any information from the defendant in regard to the case. At the call of the trial docket at the commencement of the term, Mr. Maulsby entered his appearance with Mr. Motter, as a matter of course, but did not consult or inform Mr. Motter thereof. It has been argued that Mr. Maulsby having been engaged merely to assist in the trial of the case, had no authority to enter his appearance when the docket was called. But in our judgment a request to assist at the trial and his agreement to do so, was a full justification for this action by Mr. Maulsby. We have no doubt that by such employment the relation of client and attorney as to this case was fully established between them, and authorized the latter to appear as attorney in the case, and have his name so entered on the docket. After the term had continued more than a month, a case was taken up, the trial of which both Mr. Maulsby and Mr. Motter state, they expected would consume the remainder of the time which the Court had signified would be devoted to the trial of cases at that term, and such

was the general understanding of the bar.    That case, however, was terminated abruptly, and the Court proceeded with the call of the docket, and this case was reached.    The plaintiff was ready, and pressed for a trial as he had the undoubted right to do.    Mr. Motter was not in Court, and Mr. Maulsby, not having, as he states, any legal ground for a continuance was constrained to go to trial; and, being ignorant of the facts on which a defence was to be made, and having neither client or witnesses at hand, and not having the faintest idea of any desire or intent on the part of the defendant to have the case removed, he was obliged to yield ·the judgment on proof by the plaintiff of the defendant's signatures to the notes, and the judgment was accordingly entered for the plaintiff for the amount of the notes and interest.    This was done on the 23rd of October, more than a month after the commencement of the term.    The defendant had made no preparation for trial by having witnesses summoned to sustain his defence.    But in his affidavit he states that at the term at which the case was set for trial, he was absent in Virginia, attending to some important business, where his presence was indispensable, and that he prepared and and forwarded by mail to his attorney, Mr. Motter, an affidavit to the effect that he had reason to believe that he could not obtain justice in Frederick County at that time,' upon which he was entitled to a removal of the cause, that he was informed this affidavit reached Frederick on the day on which Mr. Motter was called away from business by the death of his father, and that during his absence the case was called, and Mr. Maulsby appeared as counsel and tried the case; that the facts of the case had never been stated to Mr. Maulsby, and he could not properly try the same, deponent having said nothing to him at any time in regard to it, further than that he had a case in Court, in which he wished his assistance when it came to trial, the case having long previously been committed to

Mr. Motter. In his affidavit Mr. Motter states that a *few days* prior to the trial, he received from the defendant by mail, after the adjournment of Court for the day, a motion and affidavit for the removal of the case, which motion he *proposed to file when the case was called for trial,* but that early the next morning he was called to his father's house in Emmittsburg, and was not present when the case was so called, and did not therefore file the same. He does not say he was called away at this time, either by the death or illness of his father. In another part of his affidavit, it appears that his father did not die until the 7th of December, and he left Frederick on the 8th of that month to attend his funeral.

These are all the facts preceding the judgment necessary to be stated, and it seems to us very plain that it was rendered against him through the defendant's own fault and negligence. He was in default in having made no preparation for the trial by the summoning of witnesses if he intended to have the case tried and not removed. He was in greater default in not communicating to Mr. Maulsby the defence upon which he intended to rely after having employed him to assist in the trial. If his intention was, as it appears to have been, not to have the case tried, but to have it removed, he was in gross default in not having prepared and forwarded his motion and affidavit at an *earlier period* of the trial term, and above all, in not communicating to Mr. Maulsby the fact of his wish or intention to have the case removed. His counsel, Mr. Motter, was also in fault in not leaving the motion and affidavit with the Clerk or his colleague, Mr. Maulsby, or sending it to one of them. In fact the inference is forced upon us that the purpose of the defendant, as well as of his counsel, Mr. Motter, was to secure as *much delay* as possible. For that purpose they were willing to take the chance that the case would not be reached at that term, and to withhold the motion for removal until the moment

the case was called for trial and the trial pressed and demanded by the other side.  We do not mean to say there is any thing wrong in this, but it was an experiment that required for its success the utmost vigilance.  If they have been defeated in this struggle for delay through their own miscalculation of chances, or by their own fault or negligence, that surely affords them no *equitable ground* for asking the Court to set aside the judgment and deprive the plaintiff of his legal rights secured in due course of law, without any fraud or irregularity on his part.  Entertaining these views of the case we are clearly of opinion the judgment must stand.

This dispenses with the necessity of considering the question of *laches* in making and prosecuting the motion to strike out, as well as the fact that the defendant has, under the requirement of the order granting the motion, paid into Court the amount of the judgment with interest and costs, to be applied to the payment of any future judgment the plaintiff may recover in the cause.  If the case made out by the facts and affidavits were such as to render it doubtful whether the motion ought not to be granted, this payment of the money into Court might turn the scale in the defendant's favor, but it can have no weight in a case where the proof altogether fails in establishing any equitable ground for relief.

It follows that the order appealed from must be reversed.

> *Order reversed, and*
> *record remanded.*