THOMAS ET AL. *v.* HOPKINS ET AL, TRADING AS HOPKINS AND WAYSON

[No. 107, October Term, 1955.]

*Decided March 13, 1956.*

The cause was argued before BRUNE, C. J., and DELA-PLAINE, COLLINS, HENDERSON and HAMMOND, JJ.

*James G. Boss*, with whom were *Ernest N. Cory, Jr.* and *Cory & Boss* on the brief, for appellants.

*John W. Mitchell* and *George T. Burroughs* for appellees.

HAMMOND, J., delivered the opinion of the Court.

The appellants moved to strike an enrolled judgment, based on a promissory note, for mistake, surprise, irregularity, deceit and fraud and the court refused the motion without hearing evidence, precipitating the appeal before us.

In January 1953, the plaintiffs below, the appellees here, sued on the promissory note signed by the appellants, William M. Thomas and Frances E. Wood, who later became Mrs. Thomas, in the Circuit Court for Anne Arundel County. The note was filed with the pleadings. The affidavit of the plaintiffs in support of a motion for summary judgment recited the execution of the note by the defendants, that there was then due and unpaid the face amount of the note, with interest from its date, and that there was no genuine dispute as to any material fact. Both defendants were summoned. William M. Thomas, individually and as agent for Frances E. Thomas, nee Wood, swore to an affidavit of defense setting forth that he had a good defense to the claim, in that there was due him by the plaintiffs some $16,000.00, representing unpaid real estate commissions, and that the sum claimed to be due on the note was to be deducted from these commissions. The affidavit did not otherwise contravert the correctness of the amount sued for nor claim that there had been payments or credits. General issue pleas were filed. A suggestion of removal, made in December 1953, was withdrawn, but in August 1954, the case was removed to the Circuit Court for Prince George's County on another suggestion of removal. In

Prince George's County the appellants were represented by the same experienced lawyer who had represented them in Anne Arundel County. At a hearing on November 19, 1954, Judge Gray granted summary judgment against Mrs. Thomas, but because of the set-off and counter claim in the affidavit of defense, granted leave to Mr. Thomas to file additional pleas if he so desired. When the case came on for trial a few days later, no additional pleas had been filed and in open court defendant's counsel announced that there would be no defense. The secretary of the plaintiffs testified to the exact amount due and unpaid and judgment was entered in open court against William M. Thomas. In March 1955, the motion to strike the judgment was filed by new counsel, who had been engaged by appellants. It alleged: (1) That the plaintiffs committed fraud and deceit against the defendants "by erasing credits towards payment of the note which is the basis of the claim, said credits having been entered on the back thereof in the total amount of $2,568.25" and by concealing the fact of the credits from the Court at the time of trial; (2) that the plaintiffs committed fraud and deceit against the defendants in that they willfully and deliberately withheld from the Court the information that the plaintiffs had agreed with the defendant, William M. Thomas, that amounts payable and to become payable to said defendant by the plaintiffs for real estate commissions would be set off against the amount of the note and that the commissions due totalled $22,000.00; (3) that the defendants were not informed when the trial was to be held and were not notified of the judgment against them until after it had become enrolled; (4) that the judgment in favor of the plaintiffs against the defendants was incorrect because it did not take into account "the aforesaid credits and set-offs to which the defendants were entitled."

Normally a court would hear evidence on a charge of fraud and deceit, specified as failing to give credit for payments made and the erasure of notations of the credits on the note which was the basis of the judgment.

We find, however, from a close examination of the record and from concessions made in the brief of the appellants and at the argument that the trial judge reached the right result in denying the motion to strike, despite his unusual refusal to hear the testimony the appellants desired to offer.

It is now conceded that the only defense relied on in the affidavit of defense and one of the two grounds of the motion to strike, has been lost completely to the appellants. After the motion to strike had been filed, Thomas' action for the $22,000.00 in commissions he claimed to be due him from the appellees came to trial in Montgomery County and judgment was rendered for the defendants as to all of the claims. However, it appeared from the evidence that appellees did owe Thomas $300.00 in another connection and Judge Anderson directed counsel for the appellees to give credit for this amount on the judgment, and this has been done. No appeal was taken from the Montgomery County judgment and it is settled now that the appellees do not owe Thomas anything for commissions.

There remains the matter of the alleged failure to allow credits due when the judgment before us was taken by appellees. An intense inspection of the back of the note shows, despite the evident fact of erasure, that there once was written there the following:

"Payments:

| | | |
|---|---|---|
| Commission | | 1675.95T |
| " | 1/24/ | 500.00 |
| | | 2175.95 |

| | |
|---|---|
| 10135.20 | |
| 2175. | |
| 7959. 5" | |

There is nothing in the case to explain the reason for the erasure nor what the figures erased represented. There comes to mind immediately that the credits on the note may have been part of the commissions claimed by

Thomas in the Montgomery County case which, for some reason, probably the one which caused Thomas to lose the case, the appellees decided were not due as had been thought, or had been forfeited, and therefore erased from the note.

Whatever the explanation of the erasure, we think it does not now help the appellants. First, the two erased credits totalled $2,175.95. In the motion to strike, the credits alleged to have been on the note, and erased, are said to be $2,568.25. Before the lower court and before us, the credits claimed total $2,819.20. But before us it was conceded that the credits now claimed had never been entered on the note since it was filed with the papers in the suit in the Circuit Court for Anne Arundel County before they came into existence.

At the hearing below on the motion to strike, the appellants did not formally abandon the charges of fraud and deceit, but did rely actually only on surprise, mistake and irregularity. We think none of these appear. The appellants were duly summoned in 1953 in the Anne Arundel County suit. They filed pleas through counsel and one of them, on behalf of both, swore to an affidavit of defense. They were represented by their lawyer at the hearings before Judge Gray and Judge Marbury. Thomas was given the chance to make any additional defense open to him before judgment was taken against him, and did nothing. "If the appellant was summoned and had an opportunity to make his defense and neglected to do so, and judgment was regularly entered, he will not now be heard to say, after the term has passed, that it was obtained by mistake or surprise." *Abell v. Simon,* 49 Md. 318, 323. The appellants concede that the credits now claimed were known to them when the judgments were rendered. They assert, however, that they did not advise their counsel of the defenses they had, and that he did not advise them of the time of the hearings or of the judgment which followed, and that all of this adds up to irregularity entitling them to have the judgment stricken. If they did not give the facts to their lawyer, who represented

them in the matter from January 1953 to November 1954, at least, they have no one to blame but themselves and no ground for relief. *Abell v. Simon, supra.* In *Smith v. Black,* 51 Md. 247, 254, a lawyer was asked by the defendant in a suit on a note to serve with and assist counsel of record. At the call of the docket, he entered his appearance but did not inform his co-counsel or consult with him. The case was unexpectedly and suddenly called for trial. The plaintiff was ready and the new counsel, who was present, was constrained to go to trial. He was ignorant of the facts on which a defense was to be made—lack of consideration—and of the plan to remove the case, and yielded judgment on formal proof by the plaintiff. This Court refused to strike the judgment after it had become enrolled. It was said that it was plain that the judgment "* * * was rendered against him through the defendant's own fault and negligence. He was in default in having made no preparation for the trial by the summoning of witnesses if he intended to have the case tried and not removed. He was in greater default in not communicating to Mr. Maulsby the defense upon which he intended to rely after having employed him to assist in the trial." Appellants do not hint, much less suggest, that their counsel was guilty of fraud or bad faith. This being so, his actions on their behalf were their actions. Whatever is done by an attorney of record in the progress of the cause is considered as done by, and binding upon, the client. *Smith v. Black, supra; Margos v. Moroudas,* 184 Md. 362, 371; *Brooks v. Brooks,* 184 Md. 419. The lawyer's knowledge of the hearings and the judgment rendered must be imputed to the appellants. *Baltimore Luggage Co. v. Ligon,* 208 Md. 406, 118 A. 2d 665; *Bond v. Citizens National Bank,* 65 Md. 498. His failure to tell them of the hearings or of the judgment, if he did fail, would not constitute irregularity justifying the striking of the judgment.

The cases have reiterated time and again the rule that an enrolled judgment will not be set aside unless the moving party establishes by clear and convincing proof the

existence of fraud, deceit, surprise, mistake or irregularity and that he has a meritorious, bona fide and substantial defense on the merits. *Adelburg v. Stryjewski,* 200 Md. 347, 349; *Kolker v. Gorn,* 202 Md. 322, 325. Clearly the appellants have no defense to some $9,000.00 of the judgment and no right to have the judgment, as to so much, stricken. We find nothing in the offers of proof in the court below, nor before us, to give any indication that the appellants could establish by clear and convincing evidence either that they have a meritorious, bona fide and substantial defense on the merits as to the remaining $3,000.00 of the judgment, or that there is present any of the other elements necessary if an enrolled judgment is to be stricken.

*Order affirmed, with costs.*