## ACCROCCO ET AL. *v.* SPLAWN

[No. 203, September Term, 1971.]

*Decided February 17, 1972.*

The cause was argued before HAMMOND, C. J., and BARNES, SINGLEY, SMITH and DIGGES, JJ.

*Nicholas J. Fotos* for appellants.

*Howard L. Stern,* with whom was *Kent D. Thorup* on the brief, for appellee.

BARNES, J., delivered the opinion of the Court.

The narrow issue presented to us in this appeal is whether the Circuit Court for Prince George's County (James H. Taylor, J.) was in error in passing an order on June 4, 1971, dismissing the motion of the appellants, Victor J. Accrocco and Veta Accrocco, his wife, to set aside a decree entered on April 29, 1968, without prior notice to the present counsel for the appellants and without a hearing upon the motion, although a hearing was requested by present counsel for the appellants. We have concluded that the trial court acted in error and we will reverse the order of June 4, 1971, and remand the case for further proceedings.

The Bill of Complaint, filed October 6, 1967, was for the dissolution and for the appointment of receivers for an oral partnership of the plaintiff, John Joseph Splawn, and of one of the defendants, Victor J. Accrocco (Victor), trading as American Roofing Company, and for other relief. Mrs. Veta Accrocco, wife of Victor (Veta), was also joined as a party defendant. It was alleged that Victor on or about June 1, 1967, had ordered Splawn to vacate the premises, that Splawn was no longer considered to be a partner and no longer owned any of the partnership assets and Victor prevented Splawn from entering the partnership premises to conduct the partnership business. It was further alleged that Victor had disposed or removed much of the stock on hand without accounting to Splawn for any of the proceeds and that Splawn was unable to ascertain the conditions of the business. It was also alleged that Victor and his wife Veta caused assets

of the partnership to be titled in their names instead of the partnership name, including 17 acres of land on El- win Drive in Prince George's County, parcel A of which contains approximately 3 acres improved by a modern industrial type building valued in excess of $100,000, as well as several valuable automobiles and other properties of the partnership. It was prayed in the Bill of Complaint that (a) the then attorneys for the parties be appointed receivers, (b) Victor be required to account, (c) the partnership be dissolved, (d) an accounting be had be- tween the parties, (e) all necessary orders be passed, (f) the defendants be enjoined from encumbering or dis- posing of the properties of the partnership, especially the real estate mentioned and (g) for other relief.

The answer of Victor and Veta was filed on October 30, 1967, admitting some allegations of the Bill of Com- plaint but denying the important ones.

The lower court passed an order of November 3, 1967, appointing the then counsel of the parties receivers and fixing the penalty of the receivership bond at $50,000, which was later reduced to $5,000.

Thereafter there were proceedings in the lower court during which testimony was taken. The Chancellor (Meloy, J.) on April 29, 1968, passed an order reciting that the Bill of Complaint had come on for hearing and evidence was taken in open court and counsel heard. It further recited that "it appearing to the satisfaction of the Court and *with the consent of counsel* that a resulting trust to the benefit of American Roofing Company, a part- nership, should be impressed upon certain land herein- after more particularly described" (Emphasis supplied.) and that the title owners of the land "should be ordered to convey said lands and improvements to the Co-re- ceivers. . . ." The order then provided that the land known as 5151 Elwin Road, Oxon Hill, Prince George's County (giving the land record reference) containing 17.33 acres, more or less, be impressed with a trust as of May 14, 1963, to the benefit of the partnership, sub-

ject to a certain deed of trust dated May 14, 1963, and that Victor and Veta be directed to convey these lands to the receivers.

The Motion to Set Aside the Order and Decree of April 29, 1968, was filed by Victor and Veta by new counsel on May 17, 1971, together with Points and Authorities. The bill alleged that it was filed pursuant to Maryland Rule 625 and upon the grounds that follow. It was then alleged that the receivership action was filed on October 6, 1967, and a copy of the Bill of Complaint was attached as Exhibit 1. It was further alleged that certain named counsel represented the respective parties in the proceedings and in a hearing in open court before Judge Meloy from March 1968 to April 2, 1968. The order of April 29, 1968, signed by Judge Meloy, was attached as Exhibit 2. The effect of the order of April 29 was alleged and it was claimed that the then counsel for Victor and Veta did not notify them of the passage of this order. It was then alleged:

> "5. That Defendants were under the impression that the case was continued and no final determination was made thereon, and to their amazement and surprise they did discover in August of 1970, that there was such an order signed by this Honorable Court, and further that their attorney had signed the said order as 'seen and read'. A copy of said order is attached as part hereof, marked 'Exhibit 2'.
>
> "6. That there was always sufficient evidence available to prove that the partnership, including full knowledge on part of the Plaintiff, John Joseph Splawn, knew that the property was in fact owned and purchased by Victor J. Accrocco and Veta Accrocco, his wife, and that this property was not the partnership property.
>
> "7. That after the hearing had begun and before it was concluded, and during the continuance thereof, the Plaintiff, [John] Joseph

Splawn, together with two employees of the partnership, Merle D. Maines and Robert Brenner, took American Roofing Company office records and Mr. Splawn checks and hauled them to a place designated by Mr. Splawn. Copies of notarized letters to Defendants' present attorney, dated February 22, 1971, are attached [hereto] and marked as 'Exhibit 3 and 4'.

"8. That decree was entered as a result of a fraud played on the part of the Plaintiff against the Defendant, by disposing of said Office Records and not disclosing their contents to the Court, and further by mistake and irregularity on the part of the trustees failing to give notice to the Defendants Accroccos of the existence of said decree and order of Court herein complained of.

"9. Defendants have a meritorious defense. If the said decree is vacated by this Honorable Court, Defendants would be able to prove by way of checks, conversations of the Plaintiff in presence of others, that he had always acknowledged this property to be the sole and exclusive property of the Defendants, and not partnership property, and the checks paid on this property's account, indicated as a rental payment, and further income tax treatment of these payments were treated as rentals on part of the partnership. That if the records which [were] removed by the Plaintiff are still available, they would show additional evidence of the Plaintiff's knowledge of this fact.

"10. Defendants have acted in good faith and with reasonable diligence [in] moving to set aside the instant decree. They assumed, on the strength of the trustee who had initially represented them as an attorney, that the case was still pending, and that the case had not [been]

concluded. That the decree had been entered against them without notice to them, and they had no reason to expect it or to be on guard against it."

The motion was duly verified by the affidavit of Victor and Veta.

Present counsel for Victor and Veta in forwarding the Motion to Set Aside Decree in his letter to the Court indicated that he desired a hearing on the motion.

On June 4, 1971, Judge Taylor filed the following Memorandum and Order:

"Movant does not allege facts sufficient to show fraud, mistake or irregularity. Accordingly, the Motion to set aside Decree is DENIED."

From this order of June 4, an appeal was timely taken to this Court.

It is well settled in Maryland that there must exist clear and convincing proof of the existence of the asserted fraud, surprise and mistake before a movant is entitled to have a judgment stricken under Maryland Rule 625. See *Tasea Investment Corp. v. Dale*, 222 Md. 474, 160 A. 2d 920 (1960).

The briefs of the parties, including the reply brief of the appellants, contain references and, indeed, in part include documents, statements and other material not in the record tending to establish their respective positions but this Court should not at this stage of the proceedings attempt to evaluate or comment upon these matters not of record as this can best and properly be done, if necessary, by the lower court upon the remand of the case.

It is implicit in the allegations in the motion that then counsel for Victor and Veta was not expressly authorized by them to settle the pending litigation. They allege that they were under the impression that the "case was continued" without any final determination and "to their amazement and surprise" they discovered in August 1970

that the order of April 29 had been signed and that it recited that it had been "seen and read" by their then counsel. They further allege, as previously noted, that sufficient evidence was available to prove that the property in question, with the full knowledge of Splawn, had been purchased and was owned by Victor and Veta Accrocco and was not owned by the partnership, and that Splawn had taken away and disposed of the partnership records. Victor and Veta claim a meritorious defense to the order of April 29 in that they could prove by admissions of Splawn, checks for rental payments, and income tax returns that they, and not the partnership, owned the property in dispute.

It is well settled in Maryland, and in other jurisdictions, that an attorney by virtue of the attorney-client relationship does not have implied authority to settle his client's claim. There must exist *express* authority to the attorney to authorize him to settle the client's case. As Judge (later Chief Judge) Henderson stated for the Court in *Posko v. Climatic Control Corp.*, 198 Md. 578, 583, 84 A. 2d 906, 909 (1951):

> "It is well settled in Maryland that an attorney, as such, has no implied authority to compromise his client's claim. *White v. Davidson*, 8 Md. 169, 186; *Maddux v. Bevan*, 39 Md. 485; *Rohr v. Anderson*, 51 Md. 205. This is in accord with the rule elsewhere. See note, 66 A. L. R. 107."

We cited *Posko* with approval in *Carroccio v. Thorpe*, 230 Md. 457, 463, 187 A. 2d 678, 681 (1963).

The order of April 29 recites that it was passed "with the consent of counsel." The then counsel for Victor and Veta signed the order under the notation "seen and read" which in this case would indicate that he approved the recitation that the order was passed with the consent of counsel. The allegations in the motion indicate, as we have observed, that no express consent for such a settlement of the pending litigation was given by Victor and

Veta and such action by their then counsel was, *prima facie*, a constructive fraud upon them and upon the chancellor. The allegations in regard to the suppression of evidence showing the ownership of the property in question by Victor and Veta, while perhaps not in themselves being sufficient allegations of actual fraud, when taken with the other allegations, would appear to allege a *prima facie* case for setting the order aside. A meritorious defense also appears to have been, *prima facie*, alleged.

In any event, however, Victor and Veta are entitled *to have a hearing* before the chancellor on all of these matters—which are not frivolous—and, in our opinion, it was a denial of due process of law as forbidden by Art. 23 of the Declaration of Rights of the Maryland Constitution for the lower court in this case to proceed to adjudicate the final disposition of the matter without a hearing.

In *Matter of Easton*, 214 Md. 176, 188, 133 A. 2d 441, 448 (1957), Judge (later Chief Judge) Prescott stated, for the Court:

> "The essential elements of 'due process of law' and 'the Law of the Land', as they relate to a judicial proceeding, are notice and an opportunity to defend. *Simon v. Craft*, 182 U. S. 427, 436; *In re Oliver*, 333 U. S. 257, 273. Section 135, as well as section 145, makes ample provision to preserve these elements. It requires that the alleged incompetent be summoned and a copy of the 'summons, petition and order shall be left with the person with whom the alleged incompetent resides'. This, of course, is notice. Section 135 further requires that the petition be set 'for hearing on or after fifteen days from the date of the order'. This hearing, if the petition be contested, anticipates the examination of witnesses and the taking of testimony, with a full opportunity for the alleged incompetent and his wit-

nesses to be heard and their testimony considered, and a decision by the court upon the question of his mental capacity. This affords him the right to have 'his day in court', and provides the other essential element for due process of law. *Simon v. Craft, supra; Chaloner v. Sherman,* 242 U. S. 455."

See also *Travelers Indemnity Co. v. Nationwide Construction Corp.,* 244 Md. 401, 406, 224 A. 2d 285, 288 (1966) and the prior Maryland and Federal cases therein cited.

The present case is to be distinguished from our decision in *Thomas v. Hopkins,* 209 Md. 321, 121 A. 2d 192 (1956) also involving a motion to set aside an enrolled judgment. In *Thomas* there *was a hearing* on the motion to strike out the judgment. The appellants in *Thomas* did "not hint, much less suggest, that their counsel was guilty of fraud or bad faith." The trial court in *Thomas* at the hearing did decline to hear certain testimony in regard to fraud and deceit which the appellants in that case desired to offer; but this Court ruled that under the circumstances existing at the time of the argument of the case before the Court of Appeals this "unusual refusal to hear testimony" was not prejudicial in that the record established that the trial court reached the right result in denying the motion.

Judge (now Chief Judge) Hammond, for the Court, stated:

*"Normally a court would hear evidence on a charge of fraud and deceit,* specified as failing to give credit for payments made and erasure of notations of the credits on the note which was the basis of the judgment. We find, however, from a close examination of the record and from concessions made in the brief of the appellants and at the argument that the trial judge reached the right result in denying the motion to strike, *despite his unusual refusal to hear the testimony*

*the appellants desired to offer."* (Emphasis supplied.)
(209 Md. at 324-25, 121 A. 2d at 193-94.)

In the present case, Victor and Veta *had no hearing whatever* on their Motion to Set Aside the Decree and no opportunity to proffer evidence of any kind. Then, too, there is a suggestion that their then counsel was guilty of fraud and deceit.

It is apparent to us that Victor and Veta were not given notice of any hearing on their Motion to Set Aside the Decree, had no such hearing and had no opportunity to present their arguments or any possible testimony in regard to their case. They were not afforded their "day in court" to use the language of Judge Prescott in *Matter of Easton, supra,* and were thus denied due process of law. We reverse and remand the case so that a hearing may be had by them and for further proceedings in regular course.

*Order of June 4, 1971, reversed and case remanded for further proceedings in accordance with the aforegoing opinion, the costs to be paid by the appellee.*