SECOR, Administrator *v.* BROWN

[No. 80, September Term, 1959.]

120

*Decided December 14, 1959.*

The cause was argued before BRUNE, C. J., and HENDER-SON, HAMMOND, PRESCOTT and HORNEY, JJ.

*A. Frederick Taylor,* with whom was *Jay K. Secor* on the brief, for the appellant.

*Robert A. Brown, pro se,* for the appellee.

HENDERSON, J., delivered the opinion of the Court.

The appellant brought an action at law against the appellee for injuries sustained in an alleged assault and battery. The case was tried before a jury, which brought in a general verdict for the defendant, and the appeal is from a judgment for costs in his favor. It is impossible to determine whether the jury believed the defendant's version or found that there was an accord and satisfaction. The only point raised on appeal is that the court erred in refusing to allow the appellant to introduce into evidence an alleged admission made by an attorney for the appellee in the course of his previous trial in the Traffic Court on a charge of drunken driving.

The plaintiff in the case at bar produced evidence tending to show that the parties had gone for a ride in the defendant's car on August 2, 1958, and had engaged in heavy drinking. She testified that while returning home she became alarmed at his driving, and wanted to leave the car. She also testified he struck her with his fists and an empty whiskey bottle. He denied striking her, although he admitted that he tried to prevent her from jumping out, by locking the door. Eventually, through witnesses who heard her screams and observed the erratic movements of the car, a police officer was summoned who arrested them both. This officer, Gray, testified that as he opened the car door, she fell out of the car onto the sidewalk. Both were extremely intoxicated, and he saw an empty whiskey bottle in the car. She produced medical testimony that on August 4, 1958, she had severe bruises on her left side and eye, but the police officer and the police matron testified that she did not show any signs of bruises at the time she was taken into custody, nor did she at any time complain to them of having been beaten. She was detained overnight and fined $10.00 the next morning on a charge of being drunk and disorderly.

The appellee was called to the stand by the plaintiff's attorney, for examination as an adverse party, under Code (1957), Art. 35, sec. 9. After bringing out that the appellee had been convicted in the Traffic Court on September 3, 1958, of drunken driving, the plaintiff's attorney made a proffer, out of the jury's presence, of a question to the appellee as to

whether, at that hearing, his counsel did not make a statement to the magistrate, after the State had presented its case, that the accused would offer no testimony in support of his plea of not guilty, because his client "has absolutely no recollection of what happened that night and, therefore, in view of his lack of knowledge it would be useless and futile to put him on the stand", and whether the accused did not fail to deny the statement made by his attorney. The trial court sustained an objection to this question, and also sustained objections to proffers to prove by three witnesses that the incident occurred as stated.

Thereafter, the defendant took the stand, and testified in considerable detail as to the events leading up to the alleged assault, although he admitted that his "faculties were somewhat impaired due to excessive drinking". Counsel for the plaintiff, in cross-examination, sought to bring out the same incident in traffic court, as in his previous proffers, but the trial court sustained objections to the questions and proffers.

We are not here concerned with the question as to whether a prior admission of a party may be used as substantive evidence, or merely to impeach. *Foble v. Knefely,* 176 Md. 474, 485; *West v. Belle Isle Cab Co.,* 203 Md. 244, 253; *Sun Cab Company, Inc. v. Cusick,* 209 Md. 354, 361; *Gordy v. Ocean Park, Inc.,* 218 Md. 52, 59. But see *Terry v. O'Neal,* 194 Md. 680, 688, and *State v. Jones,* 186 Md. 270, 276. It is conceded in the instant case that had the statement attributed to counsel been made by the defendant himself, in the course of the prior trial, it would have been admissible, in cross-examination, as inconsistent with his testimony on the stand and as tending to impair, or impeach, his credibility. The jury might properly have considered that his recollection, if any, of the events leading up to the alleged assault, would normally be more accurate shortly after they occurred than eight months later, at the time of trial, May 4, 1959. They might well have believed that, if he had no recollection of what occurred on August 2nd at the time of the Traffic Court hearing on September 3d, his recollection could hardly be refreshed by later events. Moreover, had the admission

been made by the defendant himself, we think the adverse ruling could not have been without prejudice, even though the defendant admitted on the stand that his faculties were somewhat impaired by alcohol on the night in question. That admission is not equivalent to the previous admission that he had "absolutely no recollection of what occurred that night". McCormick, *Evidence*, § 34, p. 64 (1954). We cannot say that the excluded evidence might not have affected the verdict.

The appellee contends, however, that he is not bound by the admission of his attorney, because he was under no duty to deny the statement of counsel made in his presence, and because there was not such a relation of principal and agent as to make the statement of his attorney binding upon him in a civil proceeding subsequently instituted. It is true that mere silence in the face of an accusation does not always permit an inference of guilt, or that the statement is true. Cf. *Barber v. State*, 191 Md. 555, 564, *et seq.*, *Kelly v. State*, 151 Md. 87, 96, and *Zink v. Zink*, 215 Md. 197, 202. For present purposes, we may assume that had the statement been made by the attorney outside the courtroom, no inference of its truth could properly have been drawn from the defendant's failure to deny it. But we think the case is altered by the circumstances under which the admission was made in the instant case.

The authorities are not in accord as to the power of an attorney to bind his principal by admissions of fact, not in dispute, made when no cause is pending. Cf. *Brown v. Hebb*, 167 Md. 535, 545 *et seq.*, and *Lyon v. Hires*, 91 Md. 411, 422. See also note, 97 A.L.R. 374, and *Stefan v. Elgin, Joliet & Eastern R. Co.*, 120 N. E. 2d 52, 57 (Ill. App.). But there is a *prima facie* presumption that an attorney has authority to bind his client by his actions relating to the conduct of litigation. *Posko v. Climatic Control Corp.*, 198 Md. 578, 584; *Wanzer v. State*, 202 Md. 601, 608; *Thomas v. Hopkins*, 209 Md. 321, 327; *Smith v. Warden*, 213 Md. 643. Cf. 2 *Restatement (Second), Agency*, § 284, comment e (1958). This is particularly true of stipulations or admissions made in the course of a trial. The appellee contends, however, that while a client may be bound by an

admission by counsel in a pending case, he is not bound in subsequent litigation, and especially where a different issue is presented. We see no reason for the distinction. It is generally recognized that admissions made by an attorney may be available, for proper evidential purposes, in other litigation. See 4 Wigmore, *Evidence,* § 1063 (3d ed., 1940), *McCormick, Evidence,* § 244, p. 520 (1954), and *McGarity v. New York Life Ins. Co.,* 359 Pa. 308, 59 A. 2d 47, 50. No doubt there is a distinction between judicial admissions and inconsistent statements that may be described as quasi-admissions. The question is as to the scope of the attorney's authority, in relation to the conduct of the prior litigation.

We have found no case precisely in point, but we think the attorney's admission in the traffic court hearing was within the scope of his authority. It was offered as an explanation to the magistrate as to why the client did not take the stand. Counsel's purpose in making the statement is not entirely clear. If his client had no recollection of what occurred, it would seem to be of little aid in rebutting the case of drunken driving made out by the State. Perhaps counsel felt that aphasia, if not a defense, might call for a lesser punishment. Or perhaps counsel may have felt that some explanation for the failure to support the plea of not guilty was in order, even though the accused had a perfect right to make the State prove its case.

In any event, we think the statement was germane to the issue, and fairly within the authority of counsel in the management of the case. We hold that the court committed reversible error in excluding the question propounded in the cross-examination of the defendant.

> *Judgment reversed and case remanded for a new trial, costs to be paid by the appellee.*