71 A.3d 150

EXXON MOBIL CORPORATION

v.

Thomas M. ALBRIGHT, et al.

(On Motion for Reconsideration)

No. 15, Sept. Term, 2012.

Court of Appeals of Maryland.

June 25, 2013.

BELL, C.J., HARRELL, BATTAGLIA, GREENE, BARBERA, McDONALD, and JOHN C. ELDRIDGE, (Retired, Specially Assigned), JJ.

## ON MOTION FOR RECONSIDERATION

HARRELL, J.

Appellees moved timely for reconsideration of the Court's opinion filed on 26 February 2013. Although re-arguing in the

motion, for the most part, the doctrinal and other purely legal issues decided by this Court in that opinion,[1] Appellees brought to our attention also certain particularized errors regarding our categorization and disposition of the claims of certain Appellees among the 466 plaintiffs. Although we decline to reconsider our opinion based on Appellees' substantive legal arguments, the motion to reconsider is granted in part for the limited purpose of explaining or remedying the application of the law to the individual Appellees described below.

■ With respect to the trial court judgments for emotional distress for fear of cancer, Appellees contend first that the judgment entered in favor of Gloria Quinan should be affirmed, rather than reversed and remanded for a new trial. We disagree. In light of our analysis in *Albright,* the trial court's instructions to the jury concerning the requirements for actual exposure and objective, reasonable fear of developing disease were incorrect. For example, the instructions did not require the jury to consider scientific or medical evidence in determining whether the fear of contracting cancer was objectively reasonable, *see* op. at 365, 71 A.3d at 68 (noting that "there is credible scientific evidence to suggest levels of exposure to benzene and MTBE at which a fear of developing cancer becomes objectively reasonable"); *Faya v. Almaraz,* 329 Md. 435, 455, 620 A.2d 327, 337 (1993) (determining that fear of contracting HIV was objectively reasonable only within a certain window of time based on "current credible evidence of a 95% certainty that one will test positive for the AIDS

---

1. Appellees added a new and imaginative legal argument, based on the Takings and Due Process Clauses of the U.S. Constitution. U.S. Const. amend. V, XIV § 1. Leaning heavily on the Supreme Court's decision in *Stop the Beach Renourishment, Inc. v. Florida Department of Environmental Protection,* 560 U.S. 702, 130 S.Ct. 2592, 177 L.Ed.2d 184 (2010), Appellees claim that our opinion in *Albright* deprives them of "property rights," to wit, the right "to pursue claims against persons who interfered with the use and enjoyment of their properties or who injured their properties by reducing the value of those properties." We are unpersuaded by Appellees' thin argument on this score and presume that it was included to provide some federal titillation for a petition for *certiorari* to the U.S. Supreme Court.

virus, if at all, within six months after exposure to it"), but rather permitted the jury to consider "[r]esearch of any kind, discussions with other persons including other [Appellees], consultations with health care providers, conversations with agents and employees of the Defendant [Exxon] and/or the Maryland Department of the Environment" in determining the reasonableness of Appellees' fears. Thus, by permitting such lay testimony to be considered by the jury in determining the objective reasonableness, rather than only the genuine nature, of the Appellees' fears, the instructions did not cover fairly the applicable law as we determined it to be. Although we opined that Ms. Quinan demonstrated an objectively reasonable fear, under the circumstances of this case, by virtue of her well-test results at or exceeding the actionable levels of exposure to MTBE, based on "credible scientific evidence," at which a fear of developing cancer becomes objectively reasonable, op. at 365–66, 71 A.3d at 67–68, our extended discussion of Ms. Quinan's claim shows that her claim should be presented to a properly-instructed jury for determination of damages. *See* op. at 375–76, 71 A.3d at 73–74.

Second, the motion argues that the fear of cancer damages claims of three additional Appellees—Amy Gumina, Rochelle Roth, and Steven Roth—should be treated similarly to how we treated Ms. Quinan's claim because these Appellees presented expert testimony linking causally an alleged physical injury to the Exxon leak. Exxon concedes, in its answer to the motion for reconsideration, that Amy Gumina is entitled to a new trial with respect to emotional distress for fear of cancer. We agree and modify our opinion and mandate to reflect remand of her claim for a new trial. Upon revisiting the evidence admitted on behalf of Rochelle and Steven Roth, however, we determine that the evidence relating to a fear of contracting cancer was insufficient as a matter of law and does not demonstrate a physical injury capable of objective determination.[2] Specifically, although Dr. Malik testified that Ste-

---

2. Exxon argues in its answer that the Roths did not demonstrate an objectively reasonable fear of contracting cancer because, although the

ven Roth suffered from anxiety resulting from the Exxon leak, Mr. Roth did not present sufficient evidence linking his distress and alleged physical manifestations to his concern for his future health, nor did he provide sufficiently descriptive testimony to render his anxiety capable of objective determination. Rather, he testified primarily as to his concern for the loss of property value and his preexisting health conditions. Similarly, the testimony presented by Rochelle Roth is insufficient to support an award for emotional distress for fear of contracting cancer. Much of Mrs. Roth's testimony contains references to skin problems that she developed that were not linked causally by a medical expert to the Exxon release, and thus, like Ms. Quinan's rash discussed in *Albright*, may not support an award of emotional distress damages on this record. *See* op. at 372 n. 69, 71 A.3d at 72 n. 69. Although Mrs. Roth's testimony focused primarily on the financial impacts of the leak and her skin problems, to the extent that she testified regarding her health concerns, her testimony consisted primarily of conclusory statements not reaching the level of detail regarding the extent, duration, or frequency of physical impact as the testimony presented by Ms. Quinan. Additionally, although Dr. Malik testified regarding a causal link and a diagnosis for Mrs. Roth, as we noted previously with regard to his testimony concerning Ms. Quinan, it "contained conclusory statements which otherwise might be insufficient to establish physical injury." Op. at 376, 71 A.3d at 74. Thus, we conclude that the testimony offered in support of the Roths' claims for emotional distress damages for fear of cancer was insufficient as a matter of law and the earlier disposition of their claims in our opinion remains appropriate.

In considering those Appellees to whom Exxon concedes more clearly now that it was liable for some category of

---

influent to the Roths' well reached as high as 22 ppb of MTBE, at no time did the effluent (the well water reaching the Roth home) contain contamination exceeding 20 ppb of MTBE due to the effective operation of an intervening POET system. Because the evidence presented by the Roths was insufficient as a matter of law to support a claim of emotional distress for fear of contracting cancer, we need not consider further Exxon's proffered distinction.

compensatory damages, we omitted erroneously [3] the names of Christopher Easton, Monique Easton, Mark Kirkwood, and Nancy Pugliese Kirkwood as individuals entitled to a new trial on the claim of diminution in value of real property. These Appellees' names were not included on Exxon's preliminary list of Appellees to whom liability was admitted, but liability was conceded to these Appellees during cross-examination and closing argument by Exxon's counsel at trial. Exxon concedes, and we agree, that these individuals are entitled to a new trial on their claims of diminution in value of real property. Additionally, this Court listed incorrectly in its opinion the properties of Ann Fuller, Stanley Fuller, Donald Nemer, Kelli Nemer, Mary Kathryn Proefrock, Scott Proefrock, and Hans Wilhelmsen (property located at 13729 Jarrettsville Pike) as "non-detect" properties. *See* op. at 406–07 n. 92, 71 A.3d at 93 n. 92. Each property's well water tested positive for gasoline constituents,[4] however, and to be consistent with the opinion in *Albright*, the individuals listed are entitled to a new trial on diminution in value of real property. *See generally* op. at 363–64 n. 60, 367 n. 65, 71 A.3d at 67 n. 60, 69 n. 65 (noting that, where conflicting evidence regarding groundwater flow and property contamination was presented, the evidence must be considered in the light most favorable to the Appellees).

■ Lastly, Appellees contend that Exxon admitted, in closing argument at trial, liability for loss of use and enjoyment damages in specified amounts to a number of Appellee families (in addition to and irrespective of any damages awarded for diminution in value of real property), and thus judg-

---

3. As noted earlier, there are 466 plaintiffs in this case. Despite our earlier best efforts to scour the record so as to treat like-situated plaintiffs similarly, we erred in some regards. This opinion on motion for reconsideration aims to correct those oversights.

4. The property owned by Hans Wilhelmsen at 13729 Jarrettsville Pike had positive well detections for MTBE. The remaining properties' wells tested positive for naphthalene and/or toluene, but were not shown to be contaminated by MTBE or benzene.

ment should be entered by us in favor of those Appellees.[5] Upon revisiting Exxon's statements made during closing argument and considering them in the broader context of the full trial, and notwithstanding the failure of the parties to bring the alleged concession to this Court's attention during the appeal, we disagree with Appellees' assertion. Exxon objected repeatedly at trial to Appellees' request for, and the trial court's allowance to reach the jury, of duplicative damages claims for both loss of use and enjoyment and diminution in value of real property. Although Exxon conceded that it owed some category of compensatory damages to the Appellees listed, Exxon preserved specifically its objection to the award of loss of use and enjoyment damages (in addition to diminution in value) as to the preliminary list of Appellees to whom liability was conceded, filed a motion for judgment on this

---

**5.** This argument was neither briefed by either party before our opinion was filed, nor was the relevant two-page transcript excerpt included in the 19,410–page joint record extract. *See ACandS, Inc. v. Asner,* 344 Md. 155, 189–92, 686 A.2d 250, 266–68 (1996) (denying a motion for reconsideration in part because the appellee-movants did not reference in their brief or provide in the record extract the depositions relevant to their argument on reconsideration); Maryland Rule 8–501(c) ("The record extract shall contain all parts of the record that are reasonably necessary for the determination of the questions presented by the appeal and any cross-appeal."); Maryland Rule 8–504(a)(6) (requiring briefs to contain "[a]rgument in support of the party's position on each issue"). Rather, Appellees directed our attention to these alleged concessions for the first time in the motion for reconsideration. Although this Court was apprised that Exxon conceded owing some category of compensatory damages to some of the Appellee property owners, Appellees never argued that Exxon conceded responsibility for damages for both loss of use and enjoyment and diminution in value of real property as to those Appellees specified here, despite Exxon's argument on appeal that the Appellees generally were not entitled to both categories of damages. Thus, our denial of the motion for reconsideration on this point rests in part on Appellees' failure to alert timely this Court to the alleged concessions. *See ACandS, Inc.,* 344 Md. at 192, 686 A.2d at 268 (noting, on motion for reconsideration, that the "fundamental rule of appellate practice under which the appellate court has no duty independently to search through the record for error" and its resulting consequence, "that a party may lose the right to appeal on an issue by failing to indicate in that party's brief the location in the record where the alleged error occurred," apply equally "to the alleged cure of an error").

specific issue, and reiterated again its objection before the trial judge on 15 June 2011, two days before the alleged concessions were made. Although Appellees note correctly that admissions made by counsel in open court are binding generally upon the party represented, *see, e.g., Secor v. Brown,* 221 Md. 119, 123, 156 A.2d 225, 227 (1959) ("[T]here is a *prima facie* presumption that an attorney has authority to bind his client by his actions relating to the conduct of litigation."), that rule is not applied properly here, where Exxon's counsel noted repeatedly an objection to the trial court on what was ruled later by the trial judge to be a question of law, and was obliged in the face of that ruling thereafter to argue to the jury in a manner consistent with the trial court's ruling and instructions. Reversal of the loss of use and enjoyment awards was therefore appropriate.[6]

There is one additional matter not raised in *Albright* by the parties, but which the Court, in good conscience, must raise on its initiative. In view of the Court's decision in *Exxon Mobil Corp. v. Ford,* 433 Md. 493, 71 A.3d 144 (2013), in ruling on Exxon's amended request for bond premium costs, to revise the Court's mandate to provide that the parties there shall bear their own costs, parity of reasoning compels us to revise the mandate in *Albright* to direct that, rather than Respondents there bearing all costs on a pro rata basis, the parties shall bear their own costs.

As to all other claims and issues, the motion for reconsideration is denied.

---

**6.** We note, however, that the concession is binding as to those Appellees to whom Exxon's objections regarding duplicative categories of damages does not apply—those Appellees entitled to receive damages for loss of use and enjoyment of real property as outlined previously in our opinion. Thus, Exxon's concession is binding as to Appellee Van Ho. On motion for reconsideration, however, entry of judgment for Ho in the amount conceded by Exxon ($250,000) is inappropriate because her claim was remanded for a new trial not inconsistent with our opinion in *Albright.* Depending on the amount awarded to Ho by the factfinder on remand, the trial court may raise permissibly the amount of damages owed by Exxon to ensure that Ho is awarded a minimum of $250,000 in compensatory damages for loss of use and enjoyment of real property.